[Crim. No. 13424. Third Dist. June 2, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH PAUL CIRACO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, this opinion is certified for partial publication. The portions directed to be published follow.

**COUNSEL**

Mark D. Cudney, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, J. Robert Jibson and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

SIMS, J.—A jury convicted defendant Joseph Paul Ciraco of nine counts of first degree burglary. (Pen. Code, §§ 459, 460.)[1] Defendant admitted

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

serving a prior separate prison term for a Florida burglary in 1980. (§ 667.5, subd. (b).) He appeals from a judgment sentencing him to a total unstayed term of 17 years in state prison.

In an unpublished portion of this opinion, we consider and reject defendant's claims of error set forth in the margin.[2] Here we consider defendant's contention that a magistrate erred in refusing to entertain a section 1538.5 motion at a preliminary examination. We conclude the magistrate erroneously refused defendant the opportunity to make his motion but the error does not require reversal of the judgment because defendant made a section 1538.5 motion de novo in superior court. We therefore affirm the judgment.

On July 25, 1983, a preliminary hearing was held before Magistrate U. Defendant stood charged in this case with nine counts of burglary. Evidence at this hearing consisted mainly of fingerprint comparisons between those found at burglarized residences and defendant's booking prints. Defendant moved pursuant to section 1538.5 to suppress the fingerprint comparisons on the theory the comparisons and subsequent matchup were the fruit of an allegedly unlawful seizure of certain stolen property and defendant's confession. Defendant attempted to make the motion orally, without previous notice to the district attorney. Magistrate U. denied the motion on the ground prior notice to the prosecution was required. The magistrate also refused to entertain a motion for continuance so that notice could be given. Defendant was held to answer on seven of the nine counts.

Defendant later moved de novo in superior court to suppress the same evidence. (§ 1538.5, subd. (i).) At the conclusion of a hearing the motion was denied.

 Defendant contends the magistrate erred when he refused to let him make his oral section 1538.5 motion at the preliminary hearing on the ground advance notice of the motion was required.

Surprisingly, we have found no case precisely on point. Cases have assumed without addressing the issue that an oral motion to suppress may be made at the preliminary hearing without prior notice. (See, e.g., *People*

---

[2]These are: (1) the trial court erroneously denied his motion to dismiss (§ 995); (2) the trial court erroneously denied his motion to suppress evidence of his fingerprints found at the scene of each burglary (§ 1538.5); (3) the trial court erred in admitting evidence, including a confession, obtained in violation of his rights under the Fourth Amendment to the federal Constitution; (4) statements allegedly obtained from defendant in violation of his *Miranda* rights were unlawfully admitted in evidence; (5) the trial court erroneously allowed the prosecutor to cross-examine him as to his prior burglary conviction; (6) he was denied effective assistance of counsel at trial; and (7) prosecution of two counts was barred because they had previously been twice dismissed by magistrates.

v. *Gordon* (1982) 136 Cal.App.3d 519, 526 [186 Cal.Rptr. 373]; *Chivers* v. *Municipal Court* (1976) 59 Cal.App.3d 929, 931 [131 Cal.Rptr. 221].)

Subdivision (f) of section 1538.5 provides in pertinent part: "the defendant may make the motion at the preliminary hearing in the municipal or justice court but the motion in the municipal or justice court shall be restricted to evidence sought to be introduced by the people at the preliminary hearing."

The phrase "at the preliminary hearing" means *during* the preliminary hearing. (See, e.g., *People* v. *Thomas* (1983) 141 Cal.App.3d 496, 498, 500-501 [190 Cal.Rptr. 408].) Moreover, subdivision (i) of section 1538.5 expressly requires that at least 10 days notice be given the People when the motion is made in superior court. The lack of any analogous notice provision in subdivision (f) of the same statute permits a reasonable inference the Legislature intended no prior notice is required where the motion is made at the preliminary hearing. (See *Gonzales & Co.* v. *Department of Alcoholic Bev. Control* (1984) 151 Cal.App.3d 172, 178 [198 Cal.Rptr. 479].)

■ Moreover, we have an obligation to construe the statute to promote its purpose and render it reasonable. (*In re Atiles* (1983) 33 Cal.3d 805, 810, fn. 4 [191 Cal.Rptr. 452, 662 P.2d 910].) **(1b)** Despite modern discovery, a defendant will often be unaware of all evidence to be introduced by the prosecution at a preliminary hearing or of the manner in which the evidence was obtained.[3] Consequently a requirement of advance notice would mean either that defense counsel would have to be clairvoyant, or that a preliminary hearing would have to be interrupted and continued in order to allow notice to be given, or that valid constitutional objections to a search or seizure could not be made at the preliminary hearing. None of these alternatives is reasonable. Perhaps for these reasons, the court in *People* v. *Manning* (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531] opined in dictum that "in felony cases a motion to suppress may be made at the preliminary hearing . . . a course which obviously does not lend itself to prior written notice of motion." (P. 597, citation omitted.)[4] We agree and add no prior oral notice should be required either.

To be sure, a defendant moving to suppress evidence at a preliminary hearing must clearly put the prosecution and the magistrate on notice that

---

[3]Here, for example, evidence of five burglaries was presented for the first time before Magistrate U.

[4]*Manning* also notes that section 1538.5 (in current subd. (i)) expressly provides for 10 days advance notice of a motion made in superior court. (*People* v. *Manning, supra,* 33 Cal.App.3d at p. 597.)

a motion pursuant to section 1538.5 is being made and must identify with reasonable particularity the evidence sought to be suppressed.[5] (*People* v. *Freeman* (1979) 95 Cal.App.3d 917, 922-923 [157 Cal.Rptr. 454].) Moreover, the magistrate clearly retains discretion to continue the hearing upon an appropriate motion of a surprised prosecutor. However, we hold the motion may be made during the preliminary examination without prior notice to the prosecution.[6] (§ 1538.5, subd. (f).) The magistrate erred in concluding to the contrary.

■ Nonetheless, the magistrate's error does not require reversal of the conviction. In *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941] our Supreme Court held that "Henceforth irregularities in the preliminary examination procedures which are not jurisdictional in the fundamental sense shall be reviewed under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (P. 529.)

Our Supreme Court recently followed *Pompa-Ortiz* in *People* v. *Aston* (1985) 39 Cal.3d 481 [216 Cal.Rptr. 771, 703 P.2d 111]. There, defendant claimed he had been denied a fundamental right at his preliminary hearing when the court had failed to grant a motion to disclose the address of a "paid narcotics assistant" so defendant could subpoena him for the preliminary hearing. (*Id.*, at p. 494.) However, the Supreme Court concluded any impropriety in the preliminary examination was subsequently cured when the trial court ordered that the assistant be made available to appellants before the hearing on the motion to suppress in superior court, and the assistant testified at the hearing. (*Id.*, at p. 495.)

---

[5]We have no occasion to determine whether *People* v. *Gordon* (1982) 136 Cal.App.3d 519 [186 Cal.Rptr. 373] was correctly decided on this point.

[6]At the time the motion was made, rule 13 of the Court Rules of Sacramento Municipal Court (later superceded) provided in pertinent part, "*Whenever notice of a motion is given, the notice shall be in writing* and shall, in addition to specifying the date, time and place of the hearing thereof, specify the grounds of the motion and the papers intended to be used by moving party [*sic*], and copies of all such papers (except pleadings and other papers in the custody of the clerk of this court, records of this court, and papers in the possession of the opposite party) shall be attached to and served and filed with the notice of motion." (Italics added.) Although written notice of a motion may be deemed a motion, *notice* of a motion is not the same as the motion itself, particularly where the motion is made orally. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 5, p. 330; see Witkin, Criminal Procedure (1963) § 22, p. 24.) By its terms, local rule 13 applied only "Whenever notice of a motion is given, . . . ." Since no notice of motion was required by law nor given, former local rule 13 was inapplicable. (Compare *People* v. *Lewis* (1977) 71 Cal.App.3d 817, 820 [139 Cal.Rptr. 673].) Also, by this interpretation, former local rule 13 did not unlawfully conflict with the statutory authorization for oral motions implicit in subdivision (f) of section 1538.5. (See Gov. Code, § 68070; *Lang* v. *Superior Court* (1984) 153 Cal.App.3d 510, 515-516 [200 Cal.Rptr. 526].)

Similarly, in the instant case defendant cannot show prejudice because he received a de novo section 1538.5 hearing in superior court at which he had the opportunity to litigate all issues he would have litigated before Magistrate U. Thus, defendant's conviction need not be reversed. (*Ibid.*; *People* v. *Mardian* (1975) 47 Cal.App.3d 16, 37 [121 Cal.Rptr. 269]; see *Cuevas* v. *Superior Court* (1976) 58 Cal.App.3d 406, 411, fn. 1 [130 Cal.Rptr. 238].)

NONPUBLISHED PORTION*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Evans, Acting P. J., concurred.

**BLEASE, J.**—I concur in the judgment and in the published portion of the opinion. Otherwise I concur in the result.

On June 27, 1986, the opinion was modified to read as printed above.

*See footnote, page 1142, *ante.*