*Supp. 13 Opinion
COOPERMAN, P. J.
Statement of Facts and Procedural History
On July 30, 1985, a complaint was filed in the Municipal Court for the Rio Hondo Judicial District charging respondent with being under the influence of an opiate in violation of Health and Safety Code section 11550, subdivision (a).
On August 1, 1985, counsel for respondent, who was in custody, moved to dismiss the misdemeanor complaint under the provisions of Penal Code section 991 on the ground that there was no probable cause to believe that respondent had committed the charged offense.[1]
During the hearing on the foregoing motion, the court considered the arrest report attached to the complaint, without objection.
The report stated that on July 28, 1985, the arresting officers “ . . . saw two males walking on the sidewalk on the northside of the street in front of the ‘Welcome Motel.’ One of the males . . . [was] carrying a small brown bag partially folded down with a silver/blue can showing, distinctive of an alcoholic beverage. Believing there was a beer in the bag, we decided to contact the males to wam/cite the male for . . . drinking an alcoholic beverage in public.” (Italics added.)[2] Upon contacting the man who held the *Supp. 14 bag, (one James Grayson), and finding the beer can unopened, the officers had no further contact with him. However, one of the officers then noticed that respondent Ward’s eyelids were droopy, and his movements slow. The officer observed Ward’s pupils, and found them to be constricted, and by reason of his experience in arresting and/or observing persons under the influence of opiates, decided that Ward was under the influence of an opiate, and arrested him.
Counsel for respondent, at the conclusion of the hearing, asked that the magistrate rule on the legality of the detention. In response thereto, the prosecutor asked whether the magistrate wished to calendar a motion under the provisions of Penal Code section 1538.5. To this, the magistrate replied: “It is a 991 motion here today, whether there is probable cause for arrest or whether it should be dismissed.”
On the following day, August 2, 1985, the prosecutor specifically objected to the magistrate’s determining the validity of the detention on the motion under the provisions of Penal Code section 991. However, the court granted the foregoing motion on the ground that there was not “ . . . any probable cause for the stop in the first place.”
The People filed a timely appeal of and from the foregoing order of dismissal.
Discussion
The People contend on appeal, as they did in the trial court, that the sole manner in which to challenge the legality of the detention and search in the case at bench is by a motion to suppress evidence under the provisions of Penal Code section 1538.5, and that respondent’s filing of a motion for a determination of probable cause under the provisions of Penal Code section 991 was an attempt to bring a premature, unnoticed motion under Penal Code section 1538.5.
In this case of first impression, we hold that pursuant to a motion made under the provisions of Penal Code section 991, a trial court may properly consider the lawfulness of a detention or arrest in determining whether there is probable cause to believe that a defendant in custody has committed a misdemeanor.
In Gerstein v. Pugh (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854], the Supreme Court held that a defendant has a Fourth Amendment right to a judicial determination by a neutral magistrate as to whether there is *Supp. 15 probable cause to believe that the defendant committed the crime with which he has been charged.
In the light of the decision in Gerstein, the California Supreme Court unanimously held in In re Walters (1975) 15 Cal.3d 738 [126 Cal.Rptr. 239, 543 P.2d 607], that California procedures governing pretrial detention of those charged with misdemeanors, and arrested with or without a warrant, “ . . . do not presently comport with our implementation of the constitutional requirements of Gerstein, since the defendant is not afforded a post-arrest judicial determination that probable cause exists for his continued detention.” (At p. 747.) The California Supreme Court held, in Walters, that Gerstein “probable cause” hearings must be made available to defendants charged with the commission of a misdemeanor as well as to those charged with the commission of a felony.
Our Supreme Court pointed out that the requirements of Gerstein with respect to felony cases was satisfied by virtue of the provisions of Penal Code section 995. (See In re Walters, supra, 15 Cal.3d, at p. 752, fn. 8.) However, the court proceeded to hold, specifically, that a judicial determination of probable cause is required in every case in which a defendant charged with a misdemeanor is not released from custody prior to or at the time of arraignment, in the absence of a waiver of such determination. The court explained that since the posting of bail may impose an unwarranted burden on an accused, if probable cause to detain is lacking, he is entitled to have a determination made prior to electing whether to post bail, and that if the judicial officer finds that probable cause has not been established, the accused must be discharged from custody.
It is obvious that Penal Code section 991 is a legislative response to the requirements of Walters. In accordance with those requirements, section 991 provides that if a defendant charged with a misdemeanor is in custody at the time of arraignment, and has pleaded not guilty, “ . . . the magistrate, on motion of counsel for the defendant or the defendant, shall determine whether there is probable cause to believe that a public offense has been committed and that the defendant is guilty thereof.”
In Walters, the Supreme Court made it clear that the lawfulness of an arrest is to be considered at such a postarrest Gerstein hearing (Gerstein v. Pugh, supra, 420 U.S. 103). The Supreme Court held that the magistrate in that case had made a proper probable cause determination at arraignment, in that police reports relied on by the trial judge recited facts personally observed by the arresting officer, which formed the basis of the officer’s conclusion that an offense had been committed by the defendant in his presence.
*Supp. 16 Similarly, Penal Code section 991, subdivision (c) provides that “[i]n determining the existence of probable cause, the magistrate shall consider any warrant of arrest with supporting affidavits, and the sworn complaint together with any documents or reports incorporated by reference thereto, which, if based on information and belief, state the basis of such information, or any other documents of similar reliability.” It is, accordingly, our determination that in so providing, the Legislature, following the specifications of Walters, has allowed a magistrate to determine the lawfulness of the custodial detention of a misdemeanant based upon the reading and consideration of an arrest report attached to the complaint, under the circumstances at bench.[3]
The People contend that Penal Code section 1538.5, subdivision (m) was amended in 1982 to include the reference to section 871.5 of the Penal Code as an additional means to test the legality of a search or seizure (Stats. 1982, ch. 1505, § 6.), and that if the Legislature had intended that Penal section 991 also provide a remedy to test the legality of a search or seizure, it would have amended section 1538.5, subdivision (m) to include a reference to section 991.[4] The People’s contention, however, is not persuasive.
It is settled law that courts have a duty to construe Penal Code sections in harmony with one another, so as to give effect to each. (Morse v. Municipal Court (1974) 13 Cal.3d 149, 159 [118 Cal.Rptr. 14, 529 P.2d 46]; People v. Tideman (1962) 57 Cal.2d 574, 583 [21 Cal.Rptr. 207, 370 P.2d 1007].) In this connection, we note that Penal Code sections 991 and *Supp. 17 1538.5 are not mutually exclusive, in that they serve different purposes. The purpose of Penal Code section 991 is not to suppress evidence, but to provide a prompt means of protecting an accused’s Fourth Amendment rights, by allowing a neutral magistrate to look at specified documents to determine whether probable cause to hold a misdemeanant in custody exists. As is explained in In re Walters, supra, 15 Cal.3d 738, without the protection now provided by Penal Code section 991, we would be leaving to the prosecution alone, the determination of probable cause to detain in custody. Penal Code section 991 is obviously meant to be a safeguard against the hardship suffered by a misdemeanant who is detained in custody, by providing that a probable cause hearing will be held immediately, at the time of arraignment, unless the court grants a continuance for good cause of not to exceed three court days. Contrariwise, a motion under the provisions of Penal Code section 1538.5 may be brought even as late as trial.
Moreover, successful motions under the two sections reach qualitatively different results. A successful motion to suppress evidence under Penal Code Section 1538.5 will remove specific evidence from the court’s consideration.[5] On the other hand, a successful probable cause challenge under the provisions of Penal Code section 991 results in the defendant’s being discharged, subject, however, to the right of the prosecution to refile the complaint within 15 days of the dismissal. Such refiling is specifically provided for in Penal Code section 991, subdivision (e). (See fn. 1, ante, p. Supp. 13.)
We hold that in the case at bench, the trial court properly dismissed the complaint and discharged respondent.
The order of dismissal is affirmed.
Bernstein, J., and Soven, J., concurred.

Penal Code section 991 provides: “(a) If the defendant is in custody at the time he appears before the magistrate for arraignment and, if the public offense is a misdemeanor to which the defendant has pleaded not guilty, the magistrate, on motion of counsel for the defendant or the defendant, shall determine whether there is probable cause to believe that a public offense has been committed and that the defendant is guilty thereof.
“(b) The determination of probable cause shall be made immediately unless the court grants a continuance for good cause not to exceed three court days.
“(c) In determining the existence of probable cause, the magistrate shall consider any warrant of arrest with supporting affidavits, and the sworn complaint together with any documents or reports incorporated by reference thereto, which, if based on information and belief, state the basis for such information, or any other documents of similar reliability.
“(d) If, after examining these documents, the court determines that there exists probable cause to believe that the defendant has committed the offense charged in the complaint, it shall set the matter for trial [II] If the court determines that no such probable cause exists, it shall dismiss the complaint and discharge the defendant.
“(e) Within 15 days of the dismissal of a complaint pursuant to this section the prosecution may refile the complaint. [1J] A second dismissal pursuant to this section is a bar to any other prosecution for the same offense.”

Under the foregoing facts and circumstances, the officers’ “contact” of the two males was a detention. (See Wilson v. Superior Court (1983) 34 Cal.3d 777, 790 [195 Cal.Rptr. 671, 677 P.2d 325].)

Penal Code section 1204.5 is as follows: “In any criminal action, after the filing of any complaint or other accusatory pleading and before a plea, finding, a verdict of guilty, no judge of any court shall read or consider any written report of any law enforcement officer or witness to any offense, or any information reflecting the arrest or conviction record of a defendant, or any affidavit or representation of any kind, verbal or written, except as provided in the rules of evidence applicable at the trial, or with the consent of the accused given in open court, or affidavits in connection with the issuance of a warrant or the hearing of any law and motion matter, or any application for an order fixing or changing bail, or a petition for a writ.”
In In re Walters, supra, 15 Cal.3d 738, the California Supreme Court stated the following, relative to the foregoing code section, in footnote 7, at page 752: “The probable cause determination required under Gerstein is in the nature of a ‘law and motion’ matter within the meaning of section 1204.5. Therefore, the judge who reads the arrest report is not disqualified from further participation in the criminal proceedings involving the particular defendant.”

Penal Code section 1538.5, subdivision (m) is as follows: “The proceedings provided for in this section, Section 871.5, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upbn a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.”

Penal Code section 1538.5, subdivision (d) provides as follows: “If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section, Section 871.5, Section 1238, or Section 1466 are utilized by the people.”