[No. A044525. First Dist., Div. Four. Jan. 31, 1989.]

PHILIP BRUNER, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Deputy Public Defender, Grace L. Suarez and Wendy Lowinger, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Ann K. Jensen, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**PERLEY, J.**—Petitioner contends he was illegally committed because the magistrate refused to permit him to move for suppression of evidence at the preliminary hearing on the ground that the motion was untimely. We agree that the magistrate was required to hear the motion and that the information must be dismissed for the denial of a substantial right.

On September 23, 1988, petitioner appeared for preliminary hearing on charges of possession for sale of heroin and possession of a hypodermic needle. As the hearing commenced, defense counsel informed the magistrate that he had two witnesses and that he planned to call the prosecution's investigating officer as a defense witness. The prosecution then called its three witnesses—two officers who had seized a plastic bag containing multicolored balloons, a scale, a film canister containing a brown tar-like substance and a notebook from petitioner's apartment, and a criminalist who identified the tar-like substance as heroin. The officers testified that on April 29, 1988, while in plain clothes, they had investigated a complaint of narcotic dealing at a hotel room at 725 or 735 Geary Street. Officer Dempsey knocked on the apartment, asked for Tony Curtis, and explained that he wanted to buy a couple "quarter grams," meaning methamphetamine. Petitioner, who had answered the door, said that he could not sell to him because he did not know him. Officer Dempsey testified that he could see the scale and multicolored balloons on a kitchen table and could smell raw tar heroin. He identified himself as a police officer and petitioner stepped to the side and gestured to the two officers to enter. The officers seized the various items of contraband. These items were marked for identification as the testimony of Officer Dempsey proceeded.

When the prosecution had completed its case, the magistrate asked the prosecutor if the People were moving to introduce the items into evidence. Defense counsel then orally moved to suppress the evidence. The magistrate ruled that the motion was untimely because made when the prosecution had concluded its testimony and was introducing the exhibits into evidence.

On November 18, 1988, petitioner moved to set aside the information pursuant to Penal Code section 995 on the ground that he had been denied his right to move to suppress evidence at the preliminary hearing. The motion was heard and denied on December 6, 1988. Asked for a reason for its ruling, the court explained: "Counsel, I don't find a substantial right of the defendant was violated by the conduct of the judge, the motion was made untimely, and, again, he still has his motion up here."

A defendant may move to suppress as evidence any items seized by the police on the ground that the search or seizure without a warrant was

unreasonable. (Pen. Code, § 1538.5, subd. (a)(1).) Section 1538.5, subdivisions (f) and (i), provides that such a motion may be made either "at the preliminary hearing" or in the superior court.

In *People* v. *Ciraco* (1986) 181 Cal.App.3d 1142 [226 Cal.Rptr. 541], the court considered whether advance notice to the People of a motion to suppress at the preliminary hearing is required. The court first pointed out that "[t]he phrase 'at the preliminary hearing' means *during* the preliminary hearing." (*Id.*, at p. 1145.) The court then concluded that the motion may be oral and made without advance notice to the People.

The court in *Ciraco* did not address the question of when during the preliminary hearing the motion must be made. The reasoning of the court, however, clearly suggests that the motion is not untimely if made at the close of the prosecution's case. The court first held that the Legislature's failure to expressly require notice when the motion is made at the preliminary hearing permitted an inference that the Legislature intended that no prior notice is required. The court then reasoned: "Moreover, we have an obligation to construe the statute to promote its purpose and render it reasonable. [Citation.] Despite modern discovery, a defendant will often be unaware of all evidence to be introduced by the prosecution at a preliminary hearing or of the manner in which the evidence was obtained. Consequently a requirement of advance notice would mean either that defense counsel would have to be clairvoyant, or that a preliminary hearing would have to be interrupted and continued in order to allow notice to be given, or that valid constitutional objections to a search or seizure could not be made at the preliminary hearing. None of these alternatives is reasonable." (*People* v. *Ciraco, supra,* 181 Cal.App.3d at p. 1145.)

The People take the position that the motion to suppress must be made as soon as the defendant becomes aware of the evidence to be introduced. Such a requirement is not reasonable. It could require the motion before the defense was fully aware of the manner in which the evidence was obtained and would require constant monitoring of the course of the prosecution case. The opposition's additional point that allowing the motion at the close of the prosecution's case would lead to "game playing" by the defense was answered by the *Ciraco* court's remark that "the magistrate clearly retains discretion to continue the hearing upon an appropriate motion of a surprised prosecutor." (*People* v. *Ciraco, supra,* at p. 1146.) Certainly, that does not seem to be the situation here. The testimony presented by the prosecution was obviously geared to establish probable cause for the search and seizure and the defense announced at the commencement of the hearing that it would be calling witnesses.

The People do not attempt to support the superior court's reasoning that no substantial right was violated because petitioner can make his motion in the superior court nor could we accept such an argument. Penal Code section 1538.5 gives a defendant the right to two rulings on a motion to suppress—one at the preliminary hearing and one in the superior court—although a defendant is entitled to only one full hearing. Failure to accord a defendant the statutory right to a suppression motion at the preliminary hearing requires the granting of a Penal Code section 995 motion. (*Cuevas v. Superior Court* (1976) 58 Cal.App.3d 406 [130 Cal.Rptr. 238].)

We have complied with the procedural requirements for issuance of a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of prohibition issue restraining the San Francisco County Superior Court from taking any further proceedings in action No. 128871 except to dismiss the action.

Poché, Acting P. J., and Channell, J., concurred.