[No. B034782. Second Dist., Div. Two. May 3, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
GEORGE EDWARD ANDERSON, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Harry B. Sondheim and Patrick D. Moran, Deputy District Attorneys, for Plaintiff and Appellant.

Donald W. Mowat, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**FUKUTO, J.**—The People appeal from an order setting aside the information charging respondent with possession of a concealable firearm by a felon and possession for sale of marijuana. (Pen. Code, § 12021, subd. (a)); Health & Saf. Code, § 11359.) ██ It is contended: "I. In a motion under Penal Code section 995, it is error to find that evidence was seized in violation of the Fourth Amendment where no motion to suppress evidence pursuant to Penal Code section 1538.5 was made at the preliminary hear-

ing. II. The analysis used by the court below renders the recent amendment to Penal Code section 1538.5, subdivision (i), meaningless and useless."[1]

The testimony at the preliminary hearing established that on September 20, 1987, Los Angeles Police Officer Jerry Smith went to 8416 Topanga Canyon Boulevard in response to a radio call. He saw respondent coming out of a motor home at that location. Officer Smith entered the motor home at that location without a search warrant and without respondent's consent. At that point, respondent's counsel objected "to going any further," stating that the officer "testified he did not have permission to enter the motor home." In response to the prosecution's assertion that respondent's counsel stated he would not be making a motion to suppress under Penal Code section 1538.5, respondent's counsel admitted he "didn't mean to make a formal motion to suppress." After being advised by the magistrate that he had to make the motion at the preliminary hearing or preserve it for the superior court, respondent's counsel asked the magistrate "on its own" to inquire about the legality of the arrest. When advised by the magistrate that he would not do so, respondent's counsel stated he was "refraining from making such a motion because [he] wanted to preserve some rights in the future." The court then allowed Officer Smith to testify regarding his observations after he entered the motor home. The motor home contained marijuana, packaging materials and a loaded concealable firearm.

Before January 1, 1987, a defendant who made a suppression motion at the preliminary hearing was entitled to a de novo hearing in the superior court. Effective January 1, 1987, Penal Code section 1538.5, subdivision (i) was rewritten to eliminate a defendant's right to a second full hearing. A defendant is now entitled to only one full hearing. When a motion is made at the preliminary hearing, a defendant is limited in the superior court to the transcript of the preliminary hearing (and to evidence which could not reasonably have been presented at the preliminary hearing). The magistrate's factual findings are binding on the superior court except as to matters affected by evidence presented in the superior court.[2]

---

[1] At the preliminary hearing, respondent claimed the record from the Department of Corrections was "incompetent evidence" to prove his prior conviction. At the hearing in superior court, lack of justification to search the motor home was the only issue argued. We do not deal with that issue in this appeal.

[2] Penal Code section 1538.5, subdivision (i) provides, in pertinent part: ". . . If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. If the people object to the presentation of evidence at the special hearing on the grounds that the evidence could reasonably have been presented at the preliminary hearing, the defendant shall be entitled to an in camera hearing to determine that issue. The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the prelimi-

In the instant case, respondent expressly disavowed an intention to make a suppression motion so that he could preserve his right to fully litigate the validity of any search and seizure in the superior court. To avoid the limiting effects of section 1538.5, subdivision (i), he asked the magistrate "on its own" to inquire about the legality of the arrest. This, the magistrate properly declined to do.

The effect of the procedure requested by respondent would be to revert to the law before the January 1, 1987 amendment, i.e., to full hearings at both the preliminary hearing and in the superior court. Penal Code section 1538.5, subdivision (i) was amended to avoid such duplicate litigation of issues and possible inconsistent findings based on the same evidence. Accepting the respondent's request to litigate a search and seizure at the preliminary hearing by requiring the court to inquire about it "on its own" and yet, reserve for him a full hearing in the superior court, would frustrate the intent of the amendment.

Respondent relies upon *Anderson v. Superior Court* (1988) 206 Cal.App.3d 533 [253 Cal.Rptr. 651], which holds that the defendant did make a section 1538.5 suppression motion at the preliminary hearing, in spite of her professed reservation of the motion for the superior court. That case differs from the case at hand, however, in that the defendant there put into issue and litigated the question of a consensual search by testifying at the preliminary hearing as to that factual issue. The court, in *Anderson v. Superior Court,* concluded that a de facto 1538.5 motion was made at the preliminary hearing and disallowed a second full hearing in the superior court. Here, the validity of the search was not litigated at the preliminary hearing because a valid motion to suppress was not made. We do not deem respondent's request to the magistrate to inquire "on its own," when accompanied by an avowed reservation of a full hearing in the superior court, sufficient to constitute a motion to suppress.

■ Respondent contends section 1538.5, subdivision (i), as amended, is unconstitutional for failing to provide reciprocity of remedies to a defendant. He argues the amendment, by eliminating a right to a de novo hearing, unless "agreed to by all parties," gives the prosecution the right of "veto" over the defendant's right to challenge the legality of evidence in the superior court.

A defendant may fully challenge the validity of the search and seizure at the preliminary hearing. If a defendant does not make a suppression motion

---

nary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing. . . ."

at the preliminary hearing, the right to a full unrestricted hearing is preserved in the superior court. The amendment only restricts the right to relitigate a motion already made at the preliminary hearing. Any "veto" right the prosecution may have applies to the relitigation of issues which were once decided. As to evidence which a defendant could not reasonably have presented at the preliminary hearing, a defendant has the right to present such evidence and to a separate adjudication of issues affected by that evidence. We do not see any unfairness in the procedures established by the amendment. There is no constitutional right to make multiple motions to suppress the same evidence.

Respondent also argues the amendment is unfair because it allows the prosecution to "recall witnesses who testified at the preliminary hearing." We view this provision as merely allowing the prosecution to recall witnesses who testified at the preliminary hearing in opposition to evidence which a defendant presents in the superior court. We see nothing improper in this.

■ Since we conclude that no motion to suppress or other effective objection to the reception of the seized evidence was made at the preliminary hearing, it was error to set aside the information pursuant to Penal Code section 995 on search and seizure grounds. (*Robison* v. *Superior Court* (1957) 49 Cal.2d 186, 187 [316 P.2d 1].)

The order under review is reversed.

Roth, P. J., and Compton, J., concurred.