[No. B038235. Second Dist., Div. Seven. Sept. 7, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER DARNELL WILLIAMS, Defendant and
Respondent.

## COUNSEL

Ira Reiner, District Attorney, Harry B. Sondheim and Patrick D. Moran, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Sylvia Patton and Albert J. Menaster, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—Respondent was charged with commercial burglary (Pen. Code, § 459); three prior felony convictions were alleged. (Pen. Code, §§ 667.5, subd. (b), 1203, subd. (c)(4).) His motion to set aside the information (Pen. Code, § 995) on the ground the magistrate at the preliminary hearing improperly limited his cross-examination of the police officer on a search and seizure issue, was granted. The People appeal from order setting aside the information.

### EVIDENCE AT PRELIMINARY HEARING

Mitchell Books, owned by John Mitchell, was forcibly entered on the night of April 19; the shop was "disshuffled," and a brown suitcase, bottle of wine and other items were stolen.

About 9 p.m. that night, Marjorie Turner, who lived above Mitchell Books, heard a banging and thudding in the shop below, and called police.

Upon his arrival, Officer Thomas saw the front door of Mitchell Books, which had been pried open and forced off its hinges, hanging by the dead-bolt lock, and respondent, carrying a bottle of wine and a brown suitcase, followed by another male, leaving the front of the store; respondent was "just exiting the alcove of the business," he had "one foot on the alcove and one foot on the sidewalk." Officer Thomas followed the two men who walked east; after a short distance he made a radio broadcast then ordered them to stop, and the two were detained. The brown suitcase carried by respondent bore an identification tag in the name of "Mitchell"; the suitcase, bottle of wine and other items were later identified by John Mitchell.

### MOTION TO SET ASIDE INFORMATION

The motion (Pen. Code, § 995) was based upon the following limitation placed by the magistrate on defendant's cross-examination of Officer Thomas:

"Q. [by defense counsel] Now, for probable cause, what information had you received—and for probable cause only—what information had you received about what was happening at that location?"

To the objection that it was irrelevant unless "there is going to be a 1538.5 motion," defense counsel responded "Unless I know what the information is, I don't know whether there is going to be a 1538.5." The magistrate asked how it could be relevant unless there is going to be a section 1538.5 motion, whereupon defense counsel again stated "I don't know whether there is going to be a 1538.5 motion because I don't know on what facts this officer based his detention of Mr. Williams on." The magistrate sustained the objection, ruling that it is an issue of relevance: "If you want to make a 1538.5 motion, then it is relevant. If you don't want to make your 1538.5 motion at this time, it is not relevant."

Sometime later, defense counsel asked the officer two more questions to which relevance objections were sustained:

"Q. What was it about Mr. Williams that made you decide to stop him?"

"Q. Was there any reason that you picked out Mr. Williams as opposed to anyone else in the stop?"

In granting the motion to set aside the information, the superior court found the magistrate erred, noting that a similar question had been asked by the People on direct examination, that search and seizure are part of the res gestae of the crime subject to cross-examination, and that the preliminary hearing serves as a discovery tool; thus, the defense can question about anything that occurred during the commission of the crime.

 While we do not agree with the basis of the court's ruling,[1] we reverse on the ground that, no suppression hearing (Pen. Code,

---

[1] First, the testimony sought to be elicited by the defense was irrelevant to the issues before the magistrate on the preliminary hearing—whether a public offense had been committed, and whether there is sufficient cause to believe defendant is guilty thereof. (Pen. Code, §§ 871, 872.) Any similar question the prosecutor may have asked on direct examination, indeed, was subject to a relevancy objection, but none was made. "Legitimate cross-examination does not extend to matters improperly admitted on direct examination. Failure to object to improper questions on direct examination may not be taken advantage of on cross-examination to elicit immaterial or irrelevant testimony." (*People* v. *McDaniel* (1943) 59 Cal.App.2d 672, 677 [140 P.2d 88]; *People* v. *Gambos* (1970) 5 Cal.App.3d 187, 192 [84 Cal.Rptr. 908] and cases cited therein.) Second, we have found no authority to support the trial court's statement that the state of mind of the officer detaining a suspect is admissible as part of the res gestae of the crime. Third, a "defendant at a preliminary hearing has the right to examine and cross-examine witnesses for the purpose of overcoming the prosecution's case or establishing an affirmative defense. [Citations.] However, the defendant may not seek cross-examination or presentation of a witness for the sole and primary goal of obtaining discovery. [Citations.]" (*People* v. *Buckley* (1986) 185 Cal.App.3d 512, 523 [228 Cal.Rptr. 329]; see also *People* v. *Superior Court (Simmons)* (1968) 264 Cal.App.2d 694, 700 [70 Cal.Rptr. 480].) That is not to say the magistrate does not have the power to order discovery directed to

§ 1538.5) having been made, the defense did not have the right at the preliminary hearing to cross-examine on the issue of the unreasonableness of the search and seizure. We hold this despite respondent's argument that—of course, a defendant has the right to use the preliminary hearing for discovery purposes to determine if he should later make a motion to suppress—because any such perceived right is not supported by either statutory or case authority, and would frustrate and render meaningless the 1987 amendment to Penal Code section 1538.5, subdivision (i).

## I

### STATUTORY AUTHORITY

In 1967 the Legislature set up a mechanism for the return of property or suppression of evidence obtained as the result of a search or seizure, on certain enumerated grounds, by adding section 1538.5 to the Penal Code (hereafter section 1538.5). It provides an orderly and unified procedure for making pretrial challenges to the admission of evidence on the ground that it is the product of an unreasonable search or seizure. As pertinent here, subdivision (f) provides, "the defendant may make the motion at the preliminary hearing in the municipal or justice court but the motion in the municipal or justice court shall be restricted to evidence sought to be introduced by the people at the preliminary hearing." Under subdivision (c), "Whenever a search or seizure motion is made in the municipal, justice or superior court as provided in this section, the judge or magistrate shall receive evidence on any issue of fact necessary to determine the motion." Subdivision (i) provided that a defendant could make a motion to suppress at the preliminary hearing and if denied, could renew the motion in the superior court on which he was entitled to what amounted to a de novo hearing entirely independent of the preliminary hearing. Generally, the transcript of the preliminary hearing was inadmissible at that de novo hearing. (*People* v. *Ramsey* (1988) 203 Cal.App.3d 671, 678 [250 Cal.Rptr. 309]; *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90, 94 [154 Cal.Rptr. 494].)

To eliminate the "duplicate litigation of issues and repeat testimony with the attendant result of consumption of precious court time" built into the de novo process provided in subdivision (i) (*People* v. *Ramsey, supra,* 203 Cal.App.3d 671, 678), the Legislature amended section 1538.5, subdivision

---

the restricted purpose of the preliminary hearing. "[A] reasonable, limited discovery . . . should be available, in the discretion of the magistrate, prior to that examination." (*Holman* v. *Superior Court* (1981) 29 Cal.3d 480, 485-486 [174 Cal.Rptr. 506, 629 P.2d 14].) Surely, where no Penal Code section 1538.5 motion has been made, probable cause to detain or search and seize is outside the "restricted purpose of the preliminary hearing." Nor was respondent's attempted "discovery" made prior to the examination.

(i), effective January 1, 1987, to provide that if no suppression motion is made in the municipal court, defendant has the right to fully litigate the validity of the search or seizure at a pretrial evidentiary hearing in the superior court. If defendant makes his motion at the preliminary hearing and it is denied, he may renew the motion in the superior court but, unless otherwise agreed upon by all parties, the evidence presented at that hearing shall be limited to the transcript of the preliminary hearing. (§ 1538.5, subd. (i).)[2] ■ A defendant is now entitled to only one full hearing on his suppression motion. The factual findings of the magistrate in most cases are binding on the superior court which, in effect, becomes a reviewing court drawing all inferences in favor of the magistrate's findings, where they are supported by substantial evidence. (*Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533, 538-539 [253 Cal.Rptr. 651]; *People* v. *Ramsey, supra,* 203 Cal.App.3d 671, 679.)

To circumvent the restrictive evidentiary effect of amended section 1538.5, subdivision (i) in the superior court, the practice has become prevalent among defense lawyers to attempt to fully explore, even litigate, the search and seizure issue at the preliminary hearing without making a motion to suppress evidence. Indeed, if the magistrate permits it, such cross-examination results in the full exploration of the search and seizure issue at the preliminary hearing without a section 1538.5 motion having been made, and allows a second full evidentiary hearing on a subsequent motion to suppress in superior court without being bound by the evidentiary restrictions of subdivision (i). Such practice undermines the purpose and effectiveness of amended subdivision (i), and allows the repeat testimony and relitigation of issues the amendment was designed to prevent (see *People* v. *Anderson* (1989) 210 Cal.App.3d 24, 27 [258 Cal.Rptr. 125]).

---

[2] "[Felony; renewal of motion at special hearing; review.] If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. If the offense was initiated by indictment or if the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. . . . The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing."

## II

### CASE AUTHORITY

Respondent asserts that *People* v. *Ciraco* (1986) 181 Cal.App.3d 1142 [226 Cal.Rptr. 541] and *Bruner* v. *Superior Court* (1989) 207 Cal.App.3d 1193 [255 Cal.Rptr. 462] clearly show that the defense has a right to cross-examine on a detention, search, and seizure issue at the preliminary hearing in order to decide whether to make a suppression motion. But neither case supports the position that a defendant is entitled to explore search and seizure issues at the preliminary hearing absent a motion to suppress. *People* v. *Ciraco, supra,* 181 Cal.App.3d 1142, holds that no prior notice is required for a section 1538.5 motion made at the preliminary hearing because nothing in the statute requires advance notice and further, the defense might not learn of the evidence to be introduced and the manner in which it was obtained until the prosecution presents its case at the preliminary hearing. It is the following statement by the court that respondent claims supports his position. "Moreover, we have an obligation to construe the statute to promote its purposes and render it reasonable. [Citation.] Despite modern discovery, a defendant will often be unaware of all evidence to be introduced by the prosecution at a preliminary hearing or of the manner in which the evidence was obtained. [Fn. omitted.] Consequently a requirement of advance notice would mean either that defense counsel would have to be clairvoyant, or that a preliminary hearing would have to be interrupted and continued in order to allow notice to be given, or that valid constitutional objections to a search or seizure could not be made at the preliminary hearing. None of these alternatives is reasonable." (P. 1145.)

The court in *Bruner* v. *Superior Court, supra,* 207 Cal.App.3d 1193, which holds that a suppression motion made at the close of the People's case on the preliminary hearing was not untimely, cited the foregoing from *Ciraco* and added at page 1196, "The People take the position that the motion to suppress must be made as soon as the defendant becomes aware of the evidence to be introduced. Such a requirement is not reasonable. It could require the motion before the defense was fully aware of the manner in which the evidence was obtained and would require constant monitoring of the course of the prosecution case."

Relying on the above quoted passages from *Ciraco* and *Bruner,* respondent says that "[t]his discussion clearly anticipates that the defense will ask questions relating to search and seizure at the preliminary hearing in order to decide whether to make a suppression motion or not." Not so. The process of becoming "aware of the manner in which the evidence was

obtained" (*Bruner* v. *Superior Court, supra,* 207 Cal.App.3d 1193, 1196) in no way implies a defense entitlement to full cross-examination into the validity of a search and seizure. The cases not only are no authority for respondent's position but make no mention of any such right to cross-examine on a search and seizure issue in order to determine whether a suppression motion will lie—indeed, the term "question" is not even used; nor do they intimate a constitutional or statutory basis for any such right. The only reasonable interpretation of the court's language in *Ciraco* and *Bruner,* especially in light of the amendment to section 1538.5, subdivision (i), is that if defense counsel learns in the regular course of the preliminary hearing and/or from the prosecutor, documents, witnesses or the defendant himself, the basis for a suppression motion, he may make such motion at any time at the preliminary hearing without advance notice to the People. As to how the defense learns this, the court in neither case has given any intimation that the defense is permitted to engage in the kind of cross-examination attempted here. But it does assume that, in addition to the knowledge a defendant who has been the subject of a search and seizure may have of what occurred, and information acquired as the result of criminal discovery and from police reports, interviews, arrest reports and so on (see *People* v. *Manning* (1973) 33 Cal.App.3d 586, 597 [109 Cal.Rptr. 531]), further knowledge of search and seizure issues may be discovered by observing and listening to the prosecution's case at the preliminary hearing and by proper cross-examination.

We decline to equate "becoming aware" with "right to cross-examine," as respondent would have us do. Sensing a need to reform the effect of the de novo process, the Legislature amended section 1538.5, subdivision (i) with the intent to eliminate repeat testimony. (*People* v. *Ramsey, supra,* 203 Cal.App.3d 671, 678.) This would seem to negate any possible implication that cross-examination is allowed on search and seizure issues at the preliminary hearing in the absence of a suppression motion, where the same testimony could be repeated on a full hearing in superior court. A defendant is simply not entitled to two evidentiary hearings. (*People* v. *Anderson, supra,* 210 Cal.App.3d 24, 26.)

Recent cases skirt around the issue, i.e., *People* v. *Messina* (1985) 165 Cal.App.3d 937, 946-947 [212 Cal.Rptr. 75], and none are directly in point, but *People* v. *Anderson, supra,* 210 Cal.App.3d 24 and *Anderson* v. *Superior Court, supra,* 206 Cal.App.3d 533 are close. The *Anderson* cases (unrelated) were careful to preserve the purpose and effect of the 1987 amendment to section 1538.5, subdivision (i). In *People* v. *Anderson, supra,* 210 Cal.App.3d 24, the preliminary hearing testimony established that the officer went into defendant's home without a warrant and without his consent; at that point, defense counsel objected "to going any further," stating

that the officer "testified he did not have permission to enter the motor home," and admitted that he did not intend to make a formal section 1538.5 motion. When the magistrate responded he had to make a motion at the preliminary hearing or preserve it for the superior court, defense counsel asked the magistrate "on its own" to inquire of the officer into the legality of the arrest, which he refused to do; defense counsel then said he would not make a motion because he wanted to reserve some rights for the future. Subsequently, the superior court set aside the information on grounds of illegal search and seizure. The People appealed and this court reversed concluding that, no motion to suppress or other effective objection to the reception of the seized evidence having been made at the preliminary hearing, it was error to set aside the information on search and seizure grounds. (P. 28.) "In the instant case, respondent expressly disavowed an intention to make a suppression motion so that he could preserve his right to fully litigate the validity of any search and seizure in the superior court. To avoid the limiting effects of section 1538.5, subdivision (i), he asked the magistrate 'on its own' to inquire about the legality of the arrest. This, the magistrate properly declined to do. [¶] The effect of the procedure requested by respondent would be to revert to the law before the January 1, 1987 amendment, i.e., to full hearings at both the preliminary hearing and in the superior court. Penal Code section 1538.5, subdivision (i) was amended to avoid such duplicate litigation of issues and possible inconsistent findings based on the same evidence. *Accepting the respondent's request to litigate a search and seizure at the preliminary hearing by requiring the court to inquire about it 'on its own' and yet, reserve for him a full hearing in the superior court, would frustrate the intent of the amendment*." (P. 27, italics added.)

This same rationale applies here. The facts are similar except that instead of asking the magistrate to take the laboring oar, counsel for respondent Williams sought to do the cross-examining herself without making a motion to suppress.

The court in *People* v. *Anderson, supra,* 210 Cal.App.3d 24, declined to follow *Anderson* v. *Superior Court, supra,* 206 Cal.App.3d 533, stating, "Respondent relies upon *Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533 [253 Cal.Rptr. 651], which holds that the defendant did make a section 1538.5 suppression motion at the preliminary hearing, in spite of her professed reservation of the motion for the superior court. That case differs from the case at hand, however, in that the defendant there put into issue and litigated the question of consensual search by testifying at the preliminary hearing as to that factual issue. The court, in *Anderson* v. *Superior Court,* concluded that a de facto 1538.5 motion was made at the preliminary hearing and disallowed a second full hearing in the superior court. Here, the validity of the search was not litigated at the preliminary hearing because a

valid motion to suppress was not made. We do not deem respondent's request to the magistrate to inquire 'on its own,' when accompanied by an avowed reservation of a full hearing in the superior court, sufficient to constitute a motion to suppress." (210 Cal.App.3d at p. 27.)

It is clear in the *Anderson* cases that defendant is not permitted to inquire into the validity of detention, search or seizure at the preliminary hearing without making a section 1538.5 motion, and if defendant put into issue and litigated the validity of an arrest, search or seizure by offering evidence of his own as to that factual issue, it may constitute a de facto motion which precludes a second full hearing in the superior court.

Relying on *Anderson v. Superior Court, supra,* 206 Cal.App.3d 533 (erroneously referred to by respondent as *People v. Anderson*), respondent contends that when his counsel cross-examined Officer Thomas as to the legality of his detention and seizure, "the asking of the questions *was* a constructive or de facto motion to suppress" (italics added); thus, by sustaining the People's objections, the magistrate deprived the defense of making its section 1538.5 motion. His contention is without merit. In *Anderson,* defendant, disavowing she was making a motion at the preliminary hearing, put in issue the matter of consensual search by taking the stand and testifying to the facts, hence litigating the issue. Subsequently the superior court denied defendant's section 1538.5 motion on the ground the magistrate had found the search to be consensual and it was bound by this finding. Defendant's petition for writ of mandate was denied and a second full hearing in superior court was disallowed on the ground that she had made a constructive suppression motion on that issue. Inasmuch as it was the People who urged that a constructive motion had been made, there was no issue of estoppel in *Anderson.* Here it is respondent who urges such motion was made, and it is to him estoppel applies. Twice defense counsel told the court she did "not know whether or not there would be a suppression motion." It was respondent's choice not to make a section 1538.5 motion even though several times the magistrate warned his counsel that unless she made a section 1538.5 motion, the questions were irrelevant. But she made no such motion, did not intend to make one, did not put into issue or litigate the unreasonableness of the detention, search and seizure, as in *Anderson v. Superior Court, supra,* 206 Cal.App.3d 533, and no ruling was made thereon. *Anderson* no more applies in the circumstances here than it applied in *People v. Anderson, supra,* 210 Cal.App.3d 24, 27.

Finally, the only way in which a defendant can litigate the unreasonableness of a search and seizure at the preliminary hearing is to move to suppress under section 1538.5. Section 1538.5, subdivision (m) reads in pertinent part: "The proceedings provided for in this section, Section 871.5,

Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her." Of the sections mentioned in subdivision (m), only section 1538.5 is available at the preliminary hearing.

Respondent says this is wrong, and that an objection to illegally seized evidence still lies, citing *People* v. *Freeman* (1979) 95 Cal.App.3d 917 [157 Cal.Rptr. 454], as does a motion under Penal Code section 991. (*People* v. *Ward* (1986) 188 Cal.App.3d Supp. 11 [235 Cal.Rptr. 287].) Of course an objection to evidence may be made, but *Freeman* does not hold that a mere objection to the People's offer of evidence can be used in the place of a suppression motion under section 1538.5, to litigate a search and seizure issue. In *Freeman,* when the prosecution sought to admit a wallet in evidence at the preliminary hearing, the defense objected on the ground it had been seized as a result of an unlawful detention; the magistrate denied the "motion to introduce the evidence at this time." Defendant made no suppression motion in superior court, nor did the People seek a de novo hearing pursuant to section 1538.5, subdivision (j). Prior to trial defendant argued the evidence was not admissible on the ground the ruling of the magistrate should be interpreted as an order granting a defense motion to suppress evidence, and binding on the superior court. The superior court refused to rule the evidence was inadmissible because there had been no section 1538.5 motion at the preliminary hearing and no order by the magistrate suppressing evidence. This court affirmed the superior court, holding that the statutory sanction which prevents the People from introducing evidence in the superior court because of a ruling by the magistrate is a severe one and in order to invoke such a severe sanction, there should be strict compliance with section 1538.5, subdivision (f), and an unambiguous ruling by the magistrate sufficient to put the People on notice that a hearing in superior court must be sought. There was neither formal motion by the defense nor an unambiguous ruling by the magistrate. (95 Cal.App.3d at pp. 922-923.) The court found there was no binding order to suppress evidence.

Respondent's reliance on *People* v. *Ward, supra,* 188 Cal.App.3d Supp. 11 is also misplaced. *Ward* simply holds that where a document (here a police report) indicates the evidence against defendant was obtained as the result of an illegal detention, a Penal Code section 991 motion can be granted even though section 1538.5, subdivision (m) does not list section 991 as one of the sole and exclusive remedies for testing the unreasonableness of a search and seizure. In so holding, the appellate department of the superior court made it clear that "The purpose of Penal Code section 991 is *not* to suppress

evidence, but to provide a prompt means of protecting an accused's Fourth Amendment rights, by allowing a neutral magistrate to look at specified documents to determine whether probable cause to hold a misdemeanant in custody exists." (P. Supp. 17, original italics.)

## III

### OBJECTIONS PROPERLY SUSTAINED

The issues before a magistrate on preliminary hearing are whether a public offense has been committed and whether there is probable cause to believe the defendant is guilty thereof. (Pen. Code, §§ 871, 872.) Thus, any evidence which does not have a "tendency in reason to prove or disprove" facts showing that an offense has been committed or facts showing defendant is guilty thereof is not relevant on the preliminary hearing. (Evid. Code, §§ 310, 350.) However, defendant can enlarge the scope of examination at the preliminary hearing by moving to suppress evidence obtained as the result of a search and seizure. (See § 1538.5, subd. (c).)

Inasmuch as no suppression motion was made at the preliminary hearing, the only issues before the magistrate were whether a burglary had been committed and whether there was sufficient cause to believe respondent committed it; and defense counsel's questions on cross-examination of the officer relating to his state of mind and what information he had received concerning the break-in had no tendency in reason to prove or disprove the issues before the magistrate. The evidence against respondent consisted of observations made by the officer, not his state of mind or reasons for stopping him. The questions sought to elicit testimony irrelevent to the issues, and objections thereto were properly sustained.

### DISPOSITION

The judgment is reversed.

Johnson, J., and Woods (Fred), J., concurred.

Respondent's petetion for review by the Supreme Court was denied January 3, 1990.