[No. B042138. Second Dist., Div. Three. May 1, 1990.]

THE PEOPLE, Plaintiff and Appellant, v.
GREGORY GERALD BARNES, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Harry B. Sondheim, Assistant District Attorney, and Corene S. Locke-Noble, Deputy District Attorney, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Nori Anne Walla and Albert J. Menaster, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

DANIELSON, J.—The People appeal from an order dated February 7, 1989, setting aside the one-count information filed December 13, 1988, in which Gregory Gerald Barnes (defendant) was charged with a violation of Health and Safety Code section 11352 (transportation of a controlled substance, cocaine).

We reverse the order.

### ISSUES PRESENTED

The principal issue presented by this appeal is:

In the absence of a motion to suppress evidence, does a defendant at a preliminary hearing have the right to question witnesses on search and seizure issues? We hold that a motion to suppress evidence under Penal Code[1] section 1538.5 is a prerequisite to the right of a defendant to question witnesses at a preliminary hearing on search and seizure issues.

The remaining issue is whether there was sufficient evidence to support the information. We conclude there was.

---

[1] All further section references are to the Penal Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL STATEMENT

The preliminary hearing was held on November 29, 1988. The testimony of Detective Raymond Martin (Officer Martin) established the following facts:

He was assigned to intercept people smuggling narcotics into and out of Los Angeles via Federal Express. On November 14, 1988, he saw defendant carry a package into a Federal Express office near the Los Angeles International Airport. Defendant appeared nervous. After handing the package over the counter, he obtained an air bill and conversed with the ticket agent. Defendant then made two telephone calls, filled out the air bill and paid cash for the package.

Officer Martin, who was in plain clothes, approached defendant as the latter exited the office and asked him for identification and to see the air bill. The air bill was not in defendant's name. Defendant volunteered that he was mailing the package to his girlfriend for a friend.

Defendant was then arrested and advised of his *Miranda*[2] rights. Officer Martin did not question defendant since he would not waive his rights. Officer Martin then opened the package. The package contained a jar of facial cream in which 14 bags of cocaine were concealed.

During the cross-examination of Officer Martin defense counsel attempted to ask four questions concerning the search of the package. In each instance an objection was sustained on the ground no motion under section 1538.5 had been made.

In the first instance, Officer Martin was asked: "And what did you say or what did you request of [defendant] as you followed him out the door [of the Federal Express Office]?" The prosecutor objected on the ground there was "[n]o 1538.5 [motion] pending." Defense counsel responded that she was trying to determine "at what point [in] time [the package] was taken, [the officer's] opportunity to observe it, open it." In sustaining the objection the magistrate ruled that the defense could ask at what point in time the package was opened but not what the officer requested of defendant.

In the second instance, Officer Martin was asked if he requested permission to open the package after defendant indicated that he was mailing it to

---

[2]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].)

his girlfriend for a friend. The magistrate sustained the same objection as to this question.

Next, after Officer Martin testified that he asked defendant for permission to open the package before his arrest, he was asked if permission was denied. The magistrate again sustained an objection on the ground no motion under 1538.5 had been made.

In the last instance, Officer Martin was asked if he opened the package "after [he] had obtained a search warrant." The magistrate sustained the same objection to this question.

At the conclusion of the preliminary hearing the magistrate denied a defense motion to dismiss for lack of sufficient evidence.

On January 25, 1989,[3] defendant made a motion under section 995 to dismiss the information filed on December 13, 1988. The thrust of the motion was he was denied his constitutional right to cross-examine Officer Martin with respect to the above four questions.

Following a hearing on February 7, 1989, the court granted the motion and dismissed the case. The court reasoned that this was "a close case"; defendant was restricted on cross-examination on several major points; there was no requirement that the defense counsel give formal notice at the beginning of a preliminary hearing that they were conducting a 1538.5 motion; and there was insufficient evidence.

## DISCUSSION

I. *Necessity of a Motion to Suppress Under 1538.5 as a Prerequisite to Questions at Preliminary Hearing on Search and Seizure Issues*

In the present case no motion to suppress evidence under section 1538.5 was made at all during any portion of the preliminary hearing. When the court expressly asked defense counsel if she were making a motion to suppress evidence, she responded: "I'm just cross-examining on what was brought up during direct" and argued that her questions were "within the scope of proper cross-examination."

In *People* v. *Williams* (1989) 213 Cal.App.3d 1186 [262 Cal.Rptr. 303], the court held that a motion to suppress (§ 1538.5) is a prerequisite to

---

[3] The motion bears the clerk's filing stamp of January 25, 1988, but the motion is dated January 25, 1989, and it is clear from the sequence of events in the record that the correct date for that motion is 1989; this is only a clerical error.

questions on search and seizure issues at a preliminary hearing. (*Id.* at p. 1195.) The *Williams* court reasoned:

"To eliminate the 'duplicate litigation of issues and repeat testimony with the attendant result of consumption of precious court time' built into the de novo process provided in subdivision (i) [citation], the Legislature amended section 1538.5, subdivision (i), effective January 1, 1987, to provide that if no suppression motion is made in the municipal court, defendant has the right to fully litigate the validity of the search or seizure at a pretrial evidentiary hearing in the superior court. If defendant makes his motion at the preliminary hearing and it is denied, he may renew the motion in the superior court but, unless otherwise agreed upon by all parties, the evidence presented at that hearing shall be limited to the transcript of the preliminary hearing. (Pen. Code, § 1538.5, subd. (i).) [Fn. omitted.] A defendant is now entitled to only one full hearing on his suppression motion. The factual findings of the magistrate in most cases are binding on the superior court which, in effect, becomes a reviewing court drawing all inferences in favor of the magistrate's findings, where they are supported by substantial evidence. [Citations.]

"To circumvent the restrictive evidentiary effect of amended section 1538.5, subdivision (i) in the superior court, the practice has become prevalent among defense lawyers to attempt to fully explore, even litigate, the search and seizure issue at the preliminary hearing without making a motion to suppress evidence. Indeed, if the magistrate permits it, such cross-examination results in the full exploration of the search and seizure issue at the preliminary hearing without a section 1538.5 motion having been made, and allows a second full evidentiary hearing on a subsequent motion to suppress in superior court without being bound by the evidentiary restrictions of subdivision (i). Such practice undermines the purpose and effectiveness of amended subdivision (i), and allows the repeat testimony and relitigation of issues the amendment was designed to prevent [citation]." (*People* v. *Williams, supra,* 213 Cal.App.3d at pp. 1190-1191.)

We find the above reasoning persuasive and therefore also hold that a motion to suppress (§ 1538.5) is a prerequisite to questions on search and seizure issues at a preliminary hearing. To hold otherwise would, as the *Williams* court pointed out, impermissibly give a defendant two full evidentiary hearings, in contravention of the purpose and intent of subdivision (i) of section 1538.5.

II. *Sufficiency of the Evidence*

"An information will not be set aside if there is some rational ground for assuming the possibility that an offense has been committed and

the accused is guilty of it. [Citation.] 'On a motion to set aside an information, . . . [t]he court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense has been committed in which the defendant had participated.' [Citation.] Neither the trial court in a section 995 proceeding [citations] nor a reviewing court on appeal therefrom [citations] may substitute its judgment as to the weight of the evidence for that of the committing magistrate. . . . Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citation.]" *(People* v. *Hall* (1971) 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664].)

Mindful of the foregoing principles, we find ample evidence in the record to establish the magistrate entertained a reasonable suspicion that defendant knowingly transported cocaine. The reasonableness of this suspicion may be found from the totality of the circumstances, i.e., the fact that the air bill was not in defendant's name, the fact defendant made two telephone calls after conversing with the ticket agent before filling out the air bill, the fact defendant, who appeared nervous, paid cash, and the fact the Federal Express office was a known conduit for drug smuggling.

### DECISION

The order is reversed.

Klein, P. J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 25, 1990.