Opinion
ROBERSON, P. J.—
Facts
Each defendant in this case was charged with a violation of West Hollywood Municipal Code section 4801[1] (hereafter the ordinance), which prohibits camping in that city’s parks. In one case, three defendants were arrested by sheriff’s’s deputies at approximately 9 a.m. after having been found sleeping on foam mattresses placed on picnic tables and covered with blankets in Plummer Park in West Hollywood. In the other case, two defendants were arrested after having been found by sheriff’s deputies at approximately 8:30 a.m. while sleeping on mattresses and under blankets in the same park.[2] In each case, the defendants had been warned by the deputies prior to their arrest that camping in the park was against the law.
At arraignment in each case, the defendants made oral motions to dismiss the case pursuant to Penal Code section 991, contending their actions did not
*Supp. 9 constitute a violation of the ordinance. They also requested the court rule on the constitutionality of the ordinance, specifically whether it was vague as to the definition of camping. The court granted the motion to dismiss in each case, indicating that people should be able to sleep in the park during the day if they are not bothering other people. The People filed a timely notice of appeal in each case,[3] and the cases have been consolidated on appeal.
Discussion
In each case, the trial court dismissed the charges against the defendants following a hearing at arraignment to determine whether probable cause existed to believe each defendant violated the ordinance. (See Pen. Code, § 991.) On appeal, it is somewhat unclear whether the court dismissed the charges against defendants because it found the ordinance to be unconstitutional or because it felt defendants’ actions did not violate the ordinance prohibiting camping in the park. The trial court indicated that it felt the statute would be violated only if the defendants pitched a tent or started a campfire, However, the evidence provided by the People at arraignment was sufficient pursuant to Penal Code section 991 to find that probable cause existed to believe each defendant committed a violation of the ordinance. Each of the defendants was sleeping on a mattress and was covered with blankets in the park in the early morning. Each of the defendants had been previously observed using his personal possessions as if he were living in the park, and each had been warned that this activity was not allowed. Two defendants could not provide deputies with a current home address.
In determining the outcome of this appeal, we need not determine whether the evidence is or is not sufficient to convict each defendant for violation of the ordinance, for that is not the purpose of a Penal Code section 991 hearing. The purpose of Penal Code section 991 is to only “determine whether there is probable cause to believe that a public offense has been committed” by the defendant. (Pen. Code, § 991, subd. (a), italics added; People v. Ward (1986) 188 Cal.App.3d Supp. 11, 15 [235 Cal.Rptr. 287].) The behavior of defendants as reflected in the arrest reports created probable cause to arrest them for violating the ordinance. Because it would have been error for the court to dismiss the charges on this ground, it must be concluded from the record that the trial court determined that the ordinance was unconstitutional.
*Supp. 10 The public defender asserted to the trial court that this ordinance was unconstitutional because it was vague as to the definition of camping. We disagree.
“[A] local entity has exclusive jurisdiction over the management and control of its parks and may enact and enforce such regulations and rules that are necessary or appropriate to promote park purposes and to ensure the public’s health, safety and welfare in the usage of its parks. [Citation.]” (People v. Trantham (1984) 161 Cal.App.3d Supp. 1, 13 [208 Cal.Rptr. 535], fn. omitted.) A municipality has broad power to enact “all local, police, sanitary, and other ordinances and regulations not in conflict with general laws.” (Cal. Const., art. XI, § 7.) “ ‘An ordinance so enacted will ordinarily be upheld if “it is reasonably related to promoting the public health, safety, comfort, and welfare, and if the means adopted to accomplish that promotion are reasonably appropriate to the purpose.” [Citations.]’ ” People v. Trantham, supra, 161 Cal.App.3d at p. Supp. 14.) The City of West Hollywood without question had the authority to enact the ordinance in question as a reasonable measure designed to promote park purposes.[4]
The West Hollywood ordinance at issue in this case is very similar to, and possibly modeled after, a National Park Service regulation prohibiting unauthorized camping (with a specific ban on sleeping) examined by the United States Supreme Court in Clark v. Community for Creative Non-Violence (1984) 468 U.S. 288 [82 L.Ed.2d 221, 104 S.Ct. 3065].[5] In that case, the Supreme Court upheld the regulation’s ban on camping when it was challenged by demonstrators who wished to camp in a park across from the White House. The Supreme Court found not only that the regulation did not impermissibly interfere with the demonstrator’s First Amendment rights, it also found the regulation was constitutional on its face, its provisions related to the ends it was designed to serve, and the regulation was content-neutral and was narrowly focused to serve the government’s substantial interest in *Supp. 11 maintaining the park in an attractive and intact condition so that the public could visit and enjoy the park. (Id. at pp. 295-299 [82 L.Ed.2d at pp. 228-231].)[6]
The specific charge in this case is that the ordinance is unconstitutionally vague. “To withstand a facial vagueness challenge under the due process clause, a statute must satisfy two basic requirements. [j[] First, a statute must be sufficiently definite to provide adequate notice of the conduct proscribed. . . . [fl] Second, a statute must provide sufficiently definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement.” (People v. Superior Court (Caswell) (1988) 46 Cal.3d 381, 389-390 [250 Cal.Rptr. 515, 758 P.2d 1046].) “ ‘[Reasonable certainty is all that is required. A statute will not be held void for vagueness if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.’ . . . ‘[A]ll that is required is that the language “conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices . . . (People v. Gamez (1991) 235 Cal.App.3d 957, 971-972 [286 Cal.Rptr. 894].)
If the West Hollywood ordinance did not provide a definition of what conduct is to be considered camping,- the ordinance might be considered unconstitutionally vague. However, even in that instance “ ‘[w]e all have a common-sense understanding of what camping is, and the regulations aid that understanding by giving specific examples of activities that constitute camping “when it reasonably appears, in light of all the circumstances, that the participants, in conducting these activities, are in fact using the area as a living accommodation. . . .” ’ [Citation.]” (United States v. Thomas (D.C. Cir. 1988) 864 F.2d 188, 196 [274 App.D.C. 385].) The list of examples in the West Hollywood ordinance provides fair notice to defendants as to what activities are to be considered indicia of camping. Thus, the ordinance is reasonably certain as to what conduct was prohibited.[7]
The ordinance also provides adequate guidelines for the police sufficient to prevent arbitrary enforcement of the ordinance. The ordinance requires that the person’s prohibited conduct be exemplified by their “remaining for prolonged or repetitious periods of time not associated with ordinary recreational use of a park with one’s personal possessions” which include indicia of camping such as “sleeping bags, bedrolls, blankets, sheets, luggage, *Supp. 12 backpacks, kitchen utensils, cookware and similar material.” Further, the ordinance requires that it must “reasonably [appear], in light of all the circumstances, that a [person] is using the park as a living accommodation” before the person’s activities constitute camping.
Defendants contend on appeal that certain words and phrases of the ordinance are particularly vague, especially “prolonged or repetitious periods” and “ordinary recreational uses.” Even if we were to agree that these phrases are vague, this would not render the ordinance itself unconstitutionally vague. “ ‘Many, probably most, statutes are ambiguous in some respects and instances invariably arise under which the application of statutory language may be unclear. So long as a statute does not threaten to infringe on the exercise of First Amendment or other constitutional rights, however, such ambiguities, even if numerous, do not justify the invalidation of a statute on its face. In order to succeed on a facial vagueness challenge to a legislative measure that does not threaten constitutionally protected conduct... a party must do more than identify some instances in which the application of the statute may be uncertain or ambiguous; he must demonstrate that “the law is impermissibly vague in all of its applications.” ’ ” (People v. Kelly (1992) 1 Cal.4th 495, 533-534 [3 Cal.Rptr.2d 677, 822 P.2d 385].) The defendants here cannot pass this test.[8] While they can enumerate some instances in which innocent conduct may seem criminal, the ordinance is sufficiently specific to prohibit the police from criminalizing what the average person would consider “ordinary recreational uses” of the park. Thus, the ordinance is also not overbroad, as argued by defendants on appeal.[9]
Finally, although it was not addressed in the lower court, defendants and amici curiae have argued that the ordinance impermissibly interferes *Supp. 13 with defendants’ constitutional right to travel. Even assuming that either the state or federal Constitution guarantees the right of a person to freely travel intrastate (see e.g., Kolender v. Lawson (1983) 461 U.S. 352, 358 [75 L.Ed.2d 903, 909-910, 103 S.Ct. 1855]), the ordinance in question does not interfere with or impede a person’s right to travel. The primary purpose of the ordinance is to prohibit a person from using the park as a living accommodation. It does not prevent travel in any way, not even through the park when the park is open. Defendants and amici curiae argue that homeless people must live somewhere, that the park is the best spot for them to live and that precluding them from living in the park in effect precludes them from living in the community of their choice altogether. We cannot accept this argument or conclude that the ordinance produces this result. The ordinance on its face does not restrict or impede travel or migration in any way, and there has been no evidence presented in this case to support the inference that West Hollywood has used this ordinance to interfere with a person’s right to travel or even that it is being enforced in such a way as to drive homeless people out of its community.
Disposition
Because we determine, for the reasons set forth above, that the ordinance is constitutional and that the People have made a proper showing that probable cause existed to believe each defendant violated the ordinance, the trial court’s dismissal of the charges against each defendant pursuant to Penal Code section 991 must be reversed.
The appeal is dismissed as to defendant Eugene Wayne Daye.[10] The orders granting dismissal, pursuant to Penal Code section 991, of the charges brought against the remaining defendants are reversed.
The actions are hereby remanded to the trial court with orders to reinstate the complaints and proceed accordingly.
Johnson, J., and Watai, J., concurred.

West Hollywood Municipal Code section 4801 sets forth the rules and regulations governing the use and operation of city parks. Subdivision 8(a) of section 4801 states: “No person shall within the limits of any public park or recreation area: ... (a) Camp at any time.”
The ordinance also provides the following definition of camping:
“ ‘Camping’ shall mean residing in or using a park for living accommodation purposes, as exemplified by remaining for prolonged or repetitious periods of time not associated with ordinary recreational use of a park with one’s personal possessions (including but not limited to clothing, sleeping bags, bedrolls, blankets, sheets, luggage, backpacks, kitchen utensils, cookware, and similar material), sleeping or making preparations to sleep, storing personal belongings as above defined, regularly cooking or consuming meals, or living in a parked vehicle. These activities constitute camping when it reasonably appears, in light of all the circumstances, that a person(s) is using a park as a living accommodation regardless of their intent or the nature of any other activities in which they might also be engaging.”

One defendant in each case was Eugene Wayne Daye, who has been dismissed as a party to this appeal.

The order of the trial court dismissing the charges is appealable by the People pursuant to Penal Code section 1466, subdivision (a)(1)(B), providing an appeal may be taken by the People from an order of the trial court when the order has the effect of “dismissing or otherwise terminating the action before the defendant has been placed in jeopardy . . . .”

It has been observed that “ ‘[a] park is a pleasure ground set apart for the recreation of the public, to promote its health and enjoyment.’ ” (San Vicente etc. Sch. v. County ofL. A. (1956) 147 Cal.App.2d 79, 85 [304 P.2d 837].) No one could reasonably argue that parks are created for the purpose of having people live in them as their permanent home.

The National Park Service regulation defines “camping” in pertinent part as: “ ‘[T]he use of park land for living accommodation purposes such as sleeping activities, or making preparations to sleep (including the laying down of bedding for the purpose of sleeping), or storing personal belongings, or making any fire, or other structure using any tents or . . . other structure ... for sleeping or doing and digging or earth breaking or carrying on cooking activities. . . . [These activities] constitute camping when it reasonably appears, in light of all the circumstances, that the participants, in conducting these activities, are in fact using the area as a living accommodation regardless of the intent of the participants or the nature of any other activities in which they may also be engaging.’ ” (468 U.S. at pp. 290-291 [82 L.Ed.2d at p. 225].)

Because of the similarity of the West Hollywood ordinance to the federal regulation, there is no reason to assume West Hollywood’s ordinance is violative of the First Amendment.

In addition, we reiterate that each defendant in this case had been specifically warned that he was considered to be impermissibly using the park as a living accommodation.

As observed, ante, the ordinance does not unconstitutionally prohibit any First Amendment activity, nor do defendants so contend.

We reject the argument by amici curiae that homeless people are a “suspect class” such that laws affecting them should receive heightened scrutiny. A classification is suspect if it is directed to a “discrete and insular minorit[y].” (United States v. Carotene Products Co. (1938) 304 U.S. 144, 153, fn. 4 [82 L.Ed. 1234, 1242, 58 S.Ct. 778].) As often stated, courts have found that race, alienage, national origin, and to a lesser degree, gender and illegitimacy, are suspect classes. However, the United States Supreme Court repeatedly has held that classifications based on wealth alone are not suspect. (Kadramas v. Dickinson Public Schools (1988) 487 U.S. 450, 458 [101 L.Ed.2d 399, 409, 108 S.Ct. 2481] [“We have previously rejected the suggestion that statutes having different effects on the wealthy and the poor should on that account alone be subjected to strict equal protection scrutiny.”].)
We also reject the argument that the ordinance only affects homeless people. While the ordinance does indeed substantially affect homeless people, the ordinance may also affect other groups who wish to use the park’s area for camping purposes, including protesters, people on a tight budget visiting and traveling through the area, or community groups such as Boy Scouts or Girl Scouts. Many laws substantially affect one group of people more than others, but this in itself does not make a statute unconstitutional.

Appellant has requested the court to dismiss defendant Daye from the appeal due to appellant’s inability to perfect service upon Daye with the notice of appeal. We hereby grant appellant’s request.