[Crim. No. 22169. First Dist., Div. One. Oct. 8, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS SALAZAR HERRERA, Defendant and Appellant.

**COUNSEL**

Penelope M. Cooper, John Steinberg and Cooper, Hertz & Lyons for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, and Clifford K. Thompson, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

RAGAN, J.*—Carlos Salazar Herrera appeals from a judgment of imprisonment rendered after a plea of guilty to violation of Health and Safety Code section 11351 (possession of heroin for sale). He poses one issue which was raised in a motion pursuant to Penal Code section 1538.5, whether the use of a copy of his driver's license picture for confirming an eyewitness identification is a violation of his right to privacy.

## Facts

Federal drug enforcement agents met with their informant and a codefendant in this case for the purpose of purchasing heroin. The codefendant was the link between the purchaser and the supplier, who subsequently was identified as defendant Herrera. The supplier drove to a predesignated location and exchanged heroin for money, the exchange being made with the codefendant who then gave the heroin to the agents. The agents were in the immediate proximity of the transaction and witnessed the exchange. This occurred on November 2, 1978, and November 7, 1978.

During a surveillance after the first sale, it was determined that a suspect vehicle was registered to Carlos Herrera. Agent Plattos obtained a copy of defendant Herrera's driver's license from a fellow agent who had it in another investigation file. Agent Plattos confirmed that the person pictured on the driver's license was in fact the supplier of the heroin in the transaction he had earlier witnessed.

*Is a Warrantless Obtaining of a Copy of a Person's Driver's License a Violation of That Person's Right to Privacy?*

■ We find that such use of a driver's license does not violate a person's right of privacy.

Warrantless seizure of bank records and telephone company records was denounced in *Burrows v. Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590] and *People v. McKunes* (1975) 51 Cal.App.3d 487 [124 Cal.Rptr. 126]. These decisions were based on the fact that telephone records and bank records could provide a virtual biography of a person's life, and warrantless seizure of them most certainly would be an unreasonable intrusion into a person's privacy.

*Assigned by the Chairperson of the Judicial Council.

Information contained on a driver's license does not give such rise to a person's reasonable expectation of privacy. Drivers' licenses are displayed routinely for purposes of identification. A license must be presented for inspection upon demand of a peace officer enforcing the Vehicle Code, and to a magistrate before whom the licensee is brought. (Veh. Code, §§ 12951, subd. (b), 12952).

With a few minor exceptions all records of the Department of Motor Vehicles relating to registration of vehicles, information contained on applications for drivers' licenses, abstracts of convictions and accident reports are public records and open for inspection. (Veh. Code, § 1808.) There can be little expectation of privacy when the records are made public by statute.

Even if such use of a driver's license were an unreasonable intrusion into one's privacy, in this particular case that conclusion would not require suppression of any evidence. It is abundantly clear from the testimony of the drug enforcement agent at the preliminary hearing that his identification of defendant was unequivocal and was not in any way tainted by his viewing the driver's license.

Judgment affirmed.

Elkington, Acting P. J., and Grodin, J., concurred.