[No. A097329. First Dist., Div. Four. Oct. 21, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
HURMON LAMECH HAMILTON, Defendant and Appellant.

1312

**COUNSEL**

Law Offices of Eric Liberman and Eric Liberman for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A.

Chacón and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**REARDON, J.**—Vallejo police stopped the vehicle of appellant Hurmon Lamech Hamilton in reliance on a computerized report from the state Department of Motor Vehicles (DMV) stating that the vehicle's registration had expired. A search of Hamilton's person and vehicle turned up cocaine base, marijuana and a firearm, leading to an information charging him with the unlawful possession of these items and alleging also that he had served a prior prison term. In fact, the vehicle registration was current and the DMV data was in error. Despite this, the trial court denied Hamilton's suppression motion by application of the good faith exception to the exclusionary rule under *United States v. Leon* (1984) 468 U.S. 897 [104 S.Ct. 3430, 82 L.Ed.2d 677]. (See Pen. Code,[1] § 1538.5.) After Hamilton pled nolo contendere to drug and weapons charges, he was sentenced to four years in state prison. On appeal, he renews his claim that the good faith exception does not apply when the information relied on by police is later found to be erroneous. We affirm the judgment.

## I. FACTS

On October 6, 2000, approximately 12:40 a.m., Vallejo Police Officer Kevin Bartlett was on patrol when he "ran" a car's license plate number. A DMV source reported that the vehicle registration for that plate had expired in August 2000. A current registration tag on the license plate prompted Bartlett to suspect that the tag might be fraudulent. He stopped the vehicle to investigate.

Officer Bartlett asked the driver—appellant Hurmon Lamech Hamilton—for his driver's license, vehicle registration and proof of insurance. Hamilton provided a valid driver's license but could not produce the vehicle's registration. He told the officer that the vehicle was still registered to another person, but that he owned it.

At Officer Bartlett's request, Hamilton got out of the car. During a search of Hamilton's pants pocket, the officer found a plastic bag containing a white material appearing to be cocaine base, three buds of what appeared to be marijuana, and a small pouch of material that also appeared to be

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

marijuana.[2] Before the car was towed, Officer Bartlett conducted an inventory of the vehicle's contents, finding a loaded .357 magnum handgun in the glove compartment. Hamilton told police that he found the weapon and intended to sell it. During the vehicle search, Officer Bartlett also found a then current registration card for the vehicle. He concluded that the DMV failed to accurately update its vehicle registration records.

Hamilton was charged by information with possession of cocaine base, possession of a firearm by a felon, and possession of less than one ounce of marijuana. (See § 12021, subd. (a)(1); Health & Saf. Code, §§ 11350, subd. (a), 11357, subd. (b).) The information also alleged an enhancement for having served a prior prison term. (See § 667.5, subd. (b).) Hamilton moved to suppress the evidence obtained against him, arguing that the warrantless search was unjustified. (See § 1538.5.) The People countered that Officer Bartlett relied in good faith on the DMV report and thus, an exception to the exclusionary rule applied. The trial court denied the suppression motion.

In a negotiated disposition, Hamilton pled nolo contendere to each count and admitted the prior conviction enhancement. Although he hoped for probation and a residential treatment program, he understood that he could be sentenced to up to four years in state prison. (See §§ 667.5, subd. (b), 12021, subd. (a)(1); Health & Saf. Code, §§ 11350, subd. (a), 11357, subd. (b).) He was sentenced to four years in state prison—an upper term of three years for possession of cocaine base, a concurrent middle term of two years for possession of a firearm by an ex-felon, and a one-year enhancement for his prior conviction. Sentence on the marijuana possession conviction was stayed to avoid multiple punishment. (See § 654.)

## II. Good Faith

■ The case came to us on a request for review of the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. In April 2002, we sought briefing from the parties on the issue of whether the information received about the expired vehicle registration provided a legally sufficient basis for "good faith" reliance by Officer Bartlett. In June 2002, the California Supreme Court held that the so-called good faith exception to the exclusionary rule did not apply where police relied on erroneous information provided by parole authorities or the Department of Corrections which was thought to be accurate at the time of the search. (*People v. Willis* (2002) 28 Cal.4th 22, 25, 29-35 [120 Cal.Rptr.2d 105, 46 P.3d 898].) Now, Hamilton argues that *Willis* also bars application of the good faith exception to his case.

---

[2]All of these substances subsequently proved to be cocaine or marijuana, as suspected.

Thus, the pivotal question is whether the exclusionary rule should apply to a police officer who acts in an objectively reasonable reliance on information provided by the DMV that is later found to be in error. The answer lies in *Willis.* ▪ That decision turns on the purpose of the exclusionary rule—to deter misconduct by *law enforcement officials. (People v. Willis, supra,* 28 Cal.4th at p. 30; see *United States v. Leon, supra,* 468 U.S. at p. 916 [104 S.Ct. at p. 3417].) Consistent with this purpose, evidence obtained from a search may be suppressed only if it can be said that the police knew or should have known that the search was unconstitutional. (*People v. Willis, supra,* 28 Cal.4th at p. 31; see *United States v. Leon, supra,* 468 U.S. at pp. 918-920 [104 S.Ct. at pp. 3418-3419].) When considering whether to apply the good faith exception, we consider the objective reasonableness of both the officer who conducted the search and those who provided information material to the searching officer. (*People v. Willis, supra,* 28 Cal.4th at p. 31; see *United States v. Leon, supra,* 468 U.S. at p. 923 fn. 24 [104 S.Ct. at p. 3417].) We consider whether, in light of the source of the erroneous information, the deterrent effect of exclusion is sufficient to warrant imposition of that sanction. (*People v. Willis, supra,* 28 Cal.4th at p. 34; see *Illinois v. Krull* (1987) 480 U.S. 340, 360, fn. 17 [107 S.Ct. 1160, 1172, 94 L.Ed.2d 364].) The determination of whether the application of the exclusionary rule is warranted is made on a case-by-case basis. (*People v. Willis, supra,* 28 Cal.4th at p. 32; see *United States v. Leon, supra,* 468 U.S. at p. 918 [104 S.Ct. at p. 3418].)

The United States and California Supreme Courts have ruled that the good faith exception applies when police rely on a statute enacted by legislators, which statute is subsequently determined to be unconstitutional. The officials who enacted the statute are not adjuncts to law enforcement whose conduct could be deterred by application of the exclusionary rule. (*Illinois v. Krull, supra,* 480 U.S. at pp. 350-351 [107 S.Ct. at pp. 1167-1168]; *People v. Willis, supra,* 28 Cal.4th at p. 32.) For the same reason, the good faith exception applies when police rely on information generated by court clerks that is later found to be erroneous. Again, the exclusion of the challenged evidence at trial would not sufficiently deter future errors to warrant imposition of that sanction. Court clerks are not adjuncts of law enforcement and have no stake in the outcome of particular criminal prosecutions. (*Arizona v. Evans* (1995) 514 U.S. 1, 14-15 [115 S.Ct. 1185, 1193, 131 L.Ed.2d 34]; *People v. Willis, supra,* 28 Cal.4th at pp. 33-34.) However, if erroneous information from a Department of Corrections parole officer is transmitted to and relied on by police, the parole officer's law enforcement status makes application of the exclusionary rule appropriate in order to deter the Department of Corrections officials from disseminating inaccurate information leading to unreasonable searches. The good faith exception is inapplicable

under these circumstances. (See *People v. Willis, supra,* 28 Cal.4th at pp. 25, 29-35, 51.)

 Hamilton contends that the DMV is an adjunct of law enforcement sufficient to bar application of the good faith exception to the exclusionary rule. The Attorney General argues that the DMV is not part of law enforcement—that it is merely a bureaucratic agency charged with regulating the statewide use of motor vehicles. Whether a DMV clerk acts as an adjunct to law enforcement is an issue that is as yet unresolved in California.[3] Conflicting answers to this question have arisen around the United States. (See *Shadler v. State* (Fla. 2000) 761 So.2d 279, 284-286, cert. den. *sub nom. Florida v. Shadler* (2000) 531 U.S. 924 [ 121 S.Ct. 298, 148 L.Ed.2d 240] [error by state Department of Highway Safety imputed to police under reasoning of *Arizona v. Evans*]; *State v. Ewoldt* (Iowa Ct.App. 1989) 448 N.W.2d 676, 677-678 [error by state Department of Transportation not imputed to police].)

By state law, employees of the DMV whose primary duty is law enforcement are considered peace officers. (§ 830.3, subd. (c).) The Legislature accords peace officer status to some DMV employees in order that they might enforce those provisions of the law committed to the department's administration and enforce the law on department premises. Those employees specified by statute are the director and deputy director of the DMV; the deputy director of the department's Investigations and Audits Division; the chief of the Field Investigations branch; and department investigators including rank-and-file, supervisory and management personnel. (See Veh. Code, § 1655, subd. (a).) However, the data entry clerk who—we infer—made the error leading to the detention and search of Hamilton and his vehicle does not appear to be among these enumerated employees. Thus, a DMV clerk is not a peace officer per se.

In our case, Officer Bartlett relied on information received from the DMV. We find his situation similar to that involving information received from court clerks in *Arizona v. Evans, supra,* 514 U.S. 1. For the same reasons, we find that the clerks who generated the DMV database are not peace officers, law enforcement officials or adjuncts of law enforcement. They have no stake in the outcome of criminal prosecutions. As such, we are satisfied that United States Supreme Court and California Supreme Court authorities support the conclusion that the good faith exception to the exclusionary rule may apply when a DMV clerk creates an erroneous data base entry subsequently relied on by a police officer who acts objectively in reasonable reliance on the accuracy of the information.

---

[3] A related issue was pending before the California Supreme Court. (See *People v. Ashburn* (2001) 90 Cal.App.4th 1282 [109 Cal.Rptr.2d 554], review granted Oct. 17, 2001, S100198.) However, the California Supreme Court recently dismissed review as improvidently granted.

Based on the initial information provided by the DMV and Officer Bartlett's observation of what appeared to be fraudulent registration tags on Hamilton's license plate, we find that the police had reasonable cause to detain Hamilton. When Hamilton could not produce valid registration, the officer's suspicion rose to the level of probable cause to arrest for displaying false registration tags. (See Veh. Code, §§ 20, 31, 4601, 40000.1; *People v. Castellon* (1999) 76 Cal.App.4th 1369, 1373 [91 Cal.Rptr.2d 204].) The search of Hamilton and his vehicle were legally justified as a search incident to arrest, based on the information then known to Officer Bartlett. (See *New York v. Belton* (1981) 453 U.S. 454, 462-463 [101 S.Ct. 2860, 69 L.Ed.2d 768]; *Chimel v. California* (1969) 395 U.S. 752, 762-763 [89 S.Ct. 2034, 23 L.Ed.2d 685].) Although the officer later learned that the vehicle was in fact properly registered, exclusion of the drugs and weapon found during the search falls within the good faith exception to application of the exclusionary rule. Thus, the trial court properly denied Hamilton's motion to suppress.

The judgment is affirmed.

Kay, P. J., and Sepulveda, J., concurred.