Filed 12/6/13  In re Oscar P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re OSCAR P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OSCAR P.,<br><br>Defendant and Appellant. | F067219<br><br>(Super. Ct. No. JW130409-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter A. Warmerdam, Referee.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Heather S. Gimle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J., and Detjen, J.

The court adjudged appellant, Oscar P., a ward of the court (Welf. & Inst. Code, § 602) after it sustained petition allegations charging appellant with possession of concentrated cannabis (count 1/Health & Saf. Code, § 11357, subd. (a)) and driving without a valid driver's license (count 2/Veh. Code, § 12500, subd. (a)). On appeal, appellant contends the court abused its discretion when it denied his motion to suppress. We affirm.

## FACTS

On February 5, 2013, Bakersfield Police Officer Jeremy Piper stopped the truck appellant was driving and arrested him after finding 11.4 grams of concentrated cannabis on him. Appellant did not have a valid driver's license in his possession.

On March 7, 2013, the district attorney filed a petition charging appellant with the two counts the court sustained.

On March 27, 2013, appellant's defense counsel filed a motion to suppress alleging that appellant was unlawfully detained.

On April 24, 2013, the court heard appellant's suppression motion during appellant's adjudication hearing. During the hearing, Officer Piper testified that on February 5, 2013, at 11:40 a.m., while on patrol, he drove behind a truck driven by appellant that appeared to have a current registration sticker on its license plate. However, when the officer ran a DMV check of the license plate number, he discovered the registration had expired on October 31, 2011. Officer Piper conducted a traffic stop of the truck and contacted appellant, who told him he did not have a driver's license. Officer Piper smelled a strong odor of marijuana and asked appellant to exit the truck so he could investigate appellant's identity and the odor of marijuana. Officer Piper pat searched appellant and felt a prescription bottle in his left front pants pocket. The officer asked for and received permission from appellant to search the pants pocket. As soon as

2

he pulled the bottle out, he saw it contained marijuana.  Officer Piper asked appellant what the substance was and appellant stated it was hashish.

When Officer Piper spoke with appellant after placing him in the back of his patrol car, appellant admitted knowing the registration tab on his license plate was fake, but he claimed not to know who put it on the truck.  Appellant also stated that he used the hashish for personal reasons and did not sell it.

Except for driving with an expired registration and a fake tag, Officer Piper did not observe appellant commit any traffic violations prior to stopping him.

At the conclusion of the hearing, the court denied appellant's suppression motion and it sustained the two charges alleged in the petition.  The court also denied a defense motion to reduce the possession charge from a felony to a misdemeanor.

On May 8, 2013, the court again denied a defense request to reduce the possession charge to a misdemeanor and placed appellant on probation not to exceed his 21st birthday.

## DISCUSSION

"'The standard of appellate review of a trial court's ruling on a motion to suppress is well established.  We defer to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.  [Citations.]'  [Citation.]" (*People v. Weaver* (2001) 26 Cal.4th 876, 924.)

"[A]n officer may stop and detain a motorist on reasonable suspicion that the driver has violated the law.  [Citations.]  The guiding principle in determining the propriety of an investigatory detention is 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'  [Citations.]  In making our determination, we examine 'the totality of the circumstances' in each case.

3

[Citations.]" (*People v. Wells* (2006) 38 Cal.4th 1078, 1082-1083.) An ordinary traffic stop is treated as a detention and is reasonable under the Fourth Amendment "*only* if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or some other law." (*People v. Miranda* (1993) 17 Cal.App.4th 917, 926.) "When assessing the reasonableness of a traffic stop, the question is not whether appellant actually violated the Vehicle Code, but whether there was some '"objective manifestation" that [he] may have' violated the Vehicle Code. [Citation.]" (*People v. Durant* (2012) 205 Cal.App.4th 57, 63, italics omitted.)

"With a few minor exceptions all records of the Department of Motor Vehicles [DMV] relating to registration of vehicles, information contained on applications for drivers' licenses, abstracts of convictions and accident reports are public records and open for inspection. (Veh. Code, § 1808.) There can be little expectation of privacy when the records are made public by statute."[1] (*People v. Herrera* (1981) 124 Cal.App.3d 386, 389.)

Officer Piper's search of DMV records did not implicate appellant's Fourth Amendment rights because appellant did not have an expectation of privacy in records relating to his truck's registration. Further, the information that the truck registration was not current and Officer Piper's observation of what appeared to be fake registration tags on the truck's license plate provided the officer with reasonable cause to stop appellant's

---

[1] Vehicle Code section 1808, subdivision (a) provides: "Except where a specific provision of law prohibits the disclosure of records or information or provides for confidentiality, *all records of the department relating to the registration of vehicles*, other information contained on an application for a driver's license, abstracts of convictions, and abstracts of accident reports required to be sent to the department in Sacramento, except for abstracts of accidents where, in the opinion of a reporting officer, another individual was at fault, *shall be open to public inspection during office hours*. All abstracts of accident reports shall be available to law enforcement agencies and courts of competent jurisdiction." (Italics added.)

truck.  (*People v. Bell* (1996) 43 Cal.App.4th 754, 760-761; *People v. Hamilton* (2002) 102 Cal.App.4th 1311, 1317.)

Appellant misplaces his reliance on *Delaware v. Prouse* (1979) 440 U.S. 648 (*Prouse*) to contend Officer Piper unlawfully stopped him.  In *Prouse*, a police officer *stopped a vehicle* for the sole purpose of checking the driving license of the operator and the registration of the car.  The officer had "neither probable cause to believe nor reasonable suspicion that the car [was] being driven contrary to the laws governing the operation of motor vehicles or that either the car or any of its occupants [was] subject to seizure or detention in connection with the violation of any other applicable law."  (*Id.* at p. 650.)  In holding that the stop was unlawful, the Supreme Court stated:  "[W]e hold that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment."  (*Id.* at p. 663.)

*Prouse* is inapposite because, unlike the officer in *Prouse*, Officer Piper had reasonable suspicion that appellant had committed at least one vehicle code violation *prior to stopping appellant's truck* and, as discussed above, the manner in which he obtained information to make this determination did not implicate appellant's Fourth Amendment rights.  Accordingly, we conclude the court did not err when it denied appellant's suppression motion.

## DISPOSITION

The judgment is affirmed.

5