Filed 10/4/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ELISEO BARAJAS, | B295310 |
| Petitioner, | (Los Angeles County Super. Ct. No. 7DN07158) |
| v. | |
| APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES COUNTY, | (Appellate Division No. BR053647) |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Sanjay T. Kumar, Patti Jo McKay and Tony L. Richardson, Judges. Petition denied.

Ricardo D. Garcia, Public Defender, Albert J. Menaster, Aubrey Cunningham and Nick Stewart-Oaten, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Phyllis C. Asayama and Matthew Brown, Deputy District Attorneys, for Real Party in Interest.

_____

At his arraignment for a misdemeanor charge of carrying a dirk or dagger, Eliseo Barajas moved to dismiss the case for lack of probable cause pursuant to Penal Code section 991.[1] Barajas argued that because the circumstances surrounding his initial detention could not give rise to a reasonable suspicion that criminal conduct had occurred and because his contact with the arresting officer was not consensual, the evidence establishing probable cause was illegally obtained and should be excluded from the probable cause determination and the misdemeanor complaint dismissed. The trial court continued the hearing to allow the People to oppose Barajas's motion to dismiss. (See § 991, subd. (b).) Based on the complaint and evidence filed in support of the People's opposition to the section 991 motion, the trial court determined that Barajas was unlawfully detained and excluded all evidence obtained after the detention. The trial court granted Barajas's motion to dismiss.

In a published opinion reversing the trial court's order and overruling *People v. Ward* (1986) 188 Cal.App.3d Supp. 11 (*Ward*), the Superior Court Appellate Division held that suppression of illegally obtained evidence cannot be litigated on a motion to dismiss under section 991. (*People v. Barajas* (2018) 30 Cal.App.5th Supp. 1.)

Barajas contends here that the Fourth Amendment demands a mechanical application of the exclusionary rule at a

_____

[1] Statutory references are to the Penal Code unless otherwise specified.

2

probable cause hearing under section 991 in the event the magistrate determines evidence was obtained via an unlawful detention. As we explain, this argument conflates several unrelated principles, and in doing so blurs the lines between various objectives trial courts must discharge as well as the procedures trial courts are required to use to achieve those objectives. As we explain, a Fourth Amendment violation may lead to an exclusionary rule analysis, but there is no guarantee evidence *will* be excluded. More fundamentally, those principles are wholly unrelated to section 991, the evidence a trial court may (and must) consider at a section 991 hearing, and the finding a trial court must make on a section 991 determination.

We agree with the Appellate Division that suppression of illegally obtained evidence cannot be litigated on a motion to dismiss under section 991. Accordingly, we deny Barajas's writ petition.

## BACKGROUND

### A. Factual Background

At around 2:25 a.m. on September 20, 2017, Downey Police Officer Honrath saw Barajas standing near a closed business. Honrath stopped his car about 15 to 20 feet away from Barajas, shined a spotlight on Barajas, and asked him "something along the lines of, 'where are you from'?" Honrath began "slowly and casually" approaching Barajas, and walked to a point 6 to 8 feet away from him.

Honrath asked Barajas if he was on parole or probation; Barajas responded that he was on probation. As Barajas answered, he put his hand in his sweatshirt pocket. Honrath instructed Barajas to keep his hands out of his pocket. Barajas volunteered that he "ha[d] his blade open," and Honrath

3

instructed Barajas to "have a seat" and keep his hands where Honrath could see them.

Honrath instructed Barajas to remove the knife from his sweatshirt and set it away from himself. Shortly thereafter, Honrath arrested Barajas.

At no point during the contact did Barajas turn away, walk away, or refuse to speak to Honrath.

## B. Procedural Background

### 1. Trial Court Proceedings

On September 22, 2017, the district attorney filed a misdemeanor complaint charging Barajas with carrying a concealed dirk or dagger in violation of section 21310. Barajas was arraigned the same day.

At his arraignment, Barajas moved to dismiss the complaint for lack of probable cause under section 991. Barajas argued that his contact with Honrath was a detention and was not consensual. He contended the circumstances under which the contact was made were not sufficient to give Honrath a reasonable suspicion that a crime had been committed and that any evidence of a crime, therefore, was illegally obtained. Absent the illegally obtained evidence, Barajas argued that there was no "probable cause to believe that a public offense ha[d] been committed and that [Barajas was] guilty thereof." (§ 991, subd. (a).)

The district attorney's office responded that section 991 requires only that the trial court find that there is probable cause that the offense was committed, and does not "capture probable cause as to the detention or as to the arrest itself." The People also argued that Barajas's motion was a section 1538.5 motion "disguised as a 991 motion."

4

The trial court disagreed with the district attorney's argument, but found good cause to continue the hearing to September 26, 2017 to allow the district attorney to supplement the record upon which the trial court would decide the section 991 motion.[2]  The People filed a written opposition to the section 991 motion and attached as exhibits the police report detailing the arrest, a supplemental report from Honrath detailing and contextualizing his contact with Barajas, and a transcript of the audio recording of the contact from Honrath's body camera.

On September 26, the trial court heard argument regarding the detention and arrest leading to Barajas's misdemeanor complaint.  Upon the conclusion of the argument, the trial court found that there was a detention and that it was nonconsensual. On that basis, the trial court granted Barajas's section 991 motion and dismissed the misdemeanor complaint.

### 2.  Appellate Division Proceedings

The People filed a timely notice of appeal to the Appellate Division of the Los Angeles Superior Court pursuant to California Rules of Court, rule 8.852.  The Appellate Division's July 30, 2018 opinion reversed the trial court's order dismissing Barajas's misdemeanor complaint.  In its opinion, which it certified for publication, the Appellate Division expressly overruled *Ward*, which held that the trial court was "allowed . . . to determine the lawfulness of the custodial detention of a misdemeanant based upon the reading and consideration of an arrest report attached

_____

[2] At the September 26, 2017 hearing, the trial court cited *Ward*, *supra*, 188 Cal.App.3d Supp. 11, as its authority to determine the lawfulness of Barajas's detention and arrest as the foundation to apply the exclusionary rule and dismiss the misdemeanor complaint.

5

to the complaint . . . ." (*Ward*, *supra*, 188 Cal.App.3d Supp. at p. 16.) In overruling *Ward*, the Appellate Division determined that the trial court may not determine Fourth Amendment exclusionary rule questions in the context of a section 991 motion.

### 3. Subsequent Procedural Background

On our own motion, we ordered jurisdiction of the matter transferred to this court. (Cal. Rules of Court, rule 8.1002(3).) We heard argument in the matter (No. B291635) on November 13, 2018. We issued an order on December 11, 2018 vacating our transfer order and returning the matter to the Appellate Division. On December 20, Barajas petitioned the Supreme Court for review of our order vacating transfer. The Supreme Court returned the petition for review unfiled.

On January 10, 2019, Barajas filed this petition for writ of mandate in the Supreme Court (No. S253470). By order of January 30, 2019, the Supreme Court transferred the matter to us. We summarily denied the petition on February 14, 2019.

Barajas petitioned the Supreme Court to review our order denying his writ petition on February 25, 2019 (No. S254238). On May 15, 2019, the Supreme Court granted review and transferred the matter to us "with directions to vacate [our] order denying mandate and to issue an order directing the respondent superior court's appellate division to show cause why the relief sought in the petition should not be granted." We complied on May 23, 2019.

### DISCUSSION

### A. Jurisdiction

The People contend that Barajas's petition for writ of mandate is an inappropriate procedural vehicle by which to obtain review of the Appellate Division's judgment. The People's

6

statement of the question is: "In what circumstances, and on what grounds, may a higher court review a decision of the Appellate Division of the Superior Court via petition for an extraordinary writ, particularly when the Court of Appeal has denied transfer?"

We did not deny transfer in this case. We transferred the case on our own motion, and later vacated that transfer. We then denied Barajas's petition for writ of mandate on the same grounds. That is the order Barajas asked the Supreme Court to review. "The Supreme Court may order review . . . [¶] . . . [¶] [f]or the purpose of transferring the matter to the Court of Appeal for such proceedings as the Supreme Court may order." (Cal. Rules of Court, rule 8.500(b)(4).) The matter is properly before us on the Supreme Court's order.

## B. Section 991, the Fourth Amendment, and the Exclusionary Rule

Barajas contends that the Appellate Division erred when it concluded that at a hearing on a section 991 motion a misdemeanor defendant may not challenge evidence obtained in a search that violates the Fourth Amendment.[3]

### 1. Standard of Review

"[Q]uestions of law and statutory interpretation are reviewed de novo." (*People v. McGowan* (2015) 242 Cal.App.4th 377, 380.)

---

[3] Based on our agreement with the Appellate Division's conclusions, we assume without deciding that Officer Honrath unlawfully detained Barajas. Because that question was not appropriately decided on Barajas's section 991 motion, the question remains for the trial court to answer in the first instance on a properly noticed motion under section 1538.5.

## 2. The Fourth Amendment and the Exclusionary Rule

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'  The Amendment says nothing about suppressing evidence obtained in violation of this command.  That rule—the exclusionary rule—is a 'prudential' doctrine, [citation], created by [the United States Supreme Court] to 'compel respect for the constitutional guaranty.' "[4]  (*Davis v. U.S.* (2011) 564 U.S. 229, 236 (*Davis*); see *People v. Macabeo* (2016) 1 Cal.5th 1206, 1219-1220.)

"The exclusionary rule is . . . a judicially created means of deterring illegal searches and seizures.  [Citation.]  As such, the rule does not 'proscribe the introduction of illegally seized evidence in all proceedings or against all persons,' [citation], but applies only in contexts 'where its remedial objectives are thought most efficaciously served,' [citation].  Moreover, because the rule is prudential rather than constitutionally mandated, we have held it to be applicable only where its deterrence benefits

_____

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (U.S. Const., 4th Amend.)  The California Constitution similarly provides:  "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized." (Cal. Const., art. 1, § 13.)

outweigh its 'substantial social costs.' "[5]  (*Pennsylvania Bd. of Probation and Parole v. Scott* (1998) 524 U.S. 357, 363 (*Scott*).) The United States Supreme Court has "emphasized repeatedly that the governments' use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution." (*Id.* at p. 362.)

"Because the exclusionary rule precludes consideration of reliable, probative evidence, it imposes significant costs:  It undeniably detracts from the truthfinding process and allows many who would otherwise be incarcerated to escape the consequences of their actions.  [Citation.]  Although we have held these costs to be worth bearing in certain circumstances, our cases have repeatedly emphasized that the rule's 'costly toll' upon truth-seeking and law enforcement objectives presents a high obstacle for those urging application of the rule." (*Scott, supra,* 524 U.S. at pp. 364-365, fn. omitted.)

The United States Supreme Court has "repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation." (*Herring v. U.S.* (2009) 555 U.S. 135, 141; *U.S. v. Leon* (1984) 468 U.S. 897, 906 (*Leon*) ["The Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands, and an examination of its origin and purposes makes clear that the use of fruits of a past unlawful search or seizure 'work[s] no new Fourth Amendment wrong' "].)  "Indeed, exclusion 'has always been our last resort, not our first impulse . . . .' " (*Herring, supra,* 555 U.S. at p. 140.)

---

[5] "Real deterrent value is a 'necessary condition for exclusion,' but it is not 'a sufficient' one." (*Davis, supra,* 564 U.S. at p. 237, quoting *Hudson v. Michigan* (2006) 547 U.S. 586, 596.)

9

"Whether the exclusionary sanction is appropriately imposed in a particular case . . . is 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.' " (*Leon*, *supra*, 468 U.S. at p. 906.)

### 3. Sections 991 and 1538.5

Barajas moved to dismiss under section 991, which provides: "If the defendant is in custody at the time he appears before the magistrate for arraignment and, if the public offense is a misdemeanor to which the defendant has pleaded not guilty, the magistrate, on motion of counsel for the defendant or the defendant, shall determine whether there is probable cause to believe that a public offense has been committed and that the defendant is guilty thereof." (§ 991, subd. (a).) Barajas argued in the trial court that evidence unlawfully obtained (in violation of the Fourth Amendment) could not be used to establish probable cause as those words are used in section 991 and, therefore, the trial court was obligated to determine whether the evidence the People relied on to establish probable cause was obtained unlawfully.

The Legislature enacted section 991 in 1980: "(1) to eliminate groundless [misdemeanor] complaints, and (2) to codify" *In re Walters* (1975) 15 Cal.3d 738 (*Walters*), which extended the United States Supreme Court's holding in *Gerstein v. Pugh* (1975) 420 U.S. 103 (*Gerstein*) that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest" to California misdemeanor defendants. (*People v. McGowan* (2015) 242 Cal.App.4th 377, 383-384; *id.* at p. 395 (dis. opn. of Turner, J.) (*McGowan*).)

10

The People argued that the Fourth Amendment question Barajas presented could only be litigated on a noticed motion under section 1538.5. Section 1538.5, subdivision (m), upon which the People rely for that assertion, states in part: "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her." Section 1538.5 is the Legislature's codification of the exclusionary rule.[6] (*People v. Belleci* (1979) 24 Cal.3d 879, 887.) "Prior to the adoption of this statute, a defendant could challenge the use of illegally obtained evidence in a criminal proceeding through a variety of procedural mechanisms. Because these former procedures for suppressing evidence were 'numerous and confusing,' section 1538.5 was adopted to 'substitute[] a comprehensive plan, prescribing a single method of raising the issue in particular proceedings and at particular stages of the proceedings. . . . The purpose of the legislation is to permit the issue to be raised at an early stage, and to require the defendant to raise it at that stage.' " (*People v. Johnson* (2006) 38 Cal.4th 717, 727, fn. omitted (*Johnson*).)

_____

[6] By its terms, section 1538.5 deals only with the procedure for invoking the exclusionary rule: "This section establishes only the procedure for suppression of evidence and return of property, and does not establish or alter any substantive ground for suppression of evidence or return of property." (§ 1538.5, subd. (n).)

11

"In 1967 the Legislature set up a mechanism for the return of property or suppression of evidence obtained as the result of a search or seizure, on certain enumerated grounds, by adding section 1538.5 to the Penal Code . . . . It provides an orderly and unified procedure for making pretrial challenges to the admission of evidence on the ground that it is the product of an unreasonable search or seizure." (*People v. Williams* (1989) 213 Cal.App.3d 1186, 1190 (*Williams*).)

### 4. Section 1538.5 *is* the Exclusionary Rule

Barajas presents a number of arguments in favor of his theory that the Fourth Amendment probable cause language (in the Warrant Clause) requires application of the exclusionary rule at a section 991 hearing. Barajas frames the issue: "It is not section 991 that allows courts to excise unlawfully obtained evidence from their probable cause determination, it is the Fourth Amendment that *requires* it." Barajas contends that the analogy of section 991 hearings to section 995 hearings compels us to either read the exclusionary rule into section 991 or read section 991 into section 1538.5.

Barajas argues that section 1538.5 does not govern the proceedings here; that objection to the use of evidence obtained as the result of a Fourth Amendment violation is something a defendant may do outside the confines of section 1538.5. Barajas contends that *Williams* supports his argument that the *purpose* of the evidentiary challenge to evidence obtained in violation of the Fourth Amendment changes the substantive law governing the challenge. Objecting to the use of the evidence at a section 991 hearing, Barajas asserts, is different than "test[ing] the unreasonableness of a search or seizure . . . ." as provided for in section 1538.5, subdivision (m).

12

Barajas does *not* explain, however, on what procedural or substantive mechanism one might base an objection if not section 1538.5. He cites no Evidence Code section making evidence inadmissible because it was obtained via a Fourth Amendment violation. We are aware of none. "Of course an objection to evidence may be made," though to what end and on what grounds it would be made is unclear, and we are aware of no case that holds that "a mere objection to the People's offer of evidence can be used in the place of a suppression motion under section 1538.5, to litigate a search and seizure issue." (*Williams*, *supra*, 213 Cal.App.3d at p. 1196.) Where evidentiary admissibility or competence depends entirely on the exclusionary rule and not on a provision of the Evidence Code, it is of no import if the challenge is for all purposes or for the limited purpose of determining probable cause on a section 991 motion.

Even if Barajas *could* show that some rule other than the exclusionary rule renders inadmissible evidence obtained via a Fourth Amendment violation, it is unclear how that would help him. A probable cause determination need not be based on admissible evidence. (*Walters*, *supra*, 15 Cal.3d at p. 751.) And "an unlawful arrest is not a bar to trial." (*Id.* at p. 753.)

Barajas's argument tying section 991 to section 995 is no more persuasive. We agree with Barajas that section 991 is the misdemeanor analogue to section 995. (See *McGowan*, *supra*, 242 Cal.App.4th at p. 382.) And while the two statutes are analogous, they are not identical. Moreover, we cannot treat them identically where the *Legislature* has not afforded them identical treatment. The Legislature *included* section 995 in the text of section 1538.5, and *omitted* section 991: "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and

13

1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure . . . ." (§ 1538.5, subd. (m).)

Besides *Ward*, we find no authority to support Barajas's position. Barajas contends *Franks v. Delaware* (1978) 438 U.S. 154 held that a probable cause finding may not be based on illegally obtained evidence. It did not. In *Franks*, the United States Supreme Court considered whether "a defendant in a criminal proceeding ever [has] the right, under the Fourth and Fourteenth Amendments, subsequent to the *ex parte* issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant." (*Id.* at p. 155.) The Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment *requires that a hearing be held at the defendant's request*." (*Id.* at pp. 155-156, italics added.) Barajas does not explain how a hearing on a noticed section 1538.5 motion would be constitutionally deficient under *Franks* (or, indeed, how it is not *exactly* the type of hearing conceived of in *Franks*).

Barajas also cites *People v. Scoma* (1969) 71 Cal.2d 332, 335 (*Scoma*) in support of his section 991 analogy to section 995. Barajas characterizes *Scoma* as holding that a "defendant is held to answer without reasonable or probable cause within the meaning of section 995 of the Penal Code when the only substantial evidence supporting his commitment has been obtained in violation of the Fourth Amendment." *Scoma* dealt

14

with a felony information and a probable cause determination under section 995, which the Legislature expressly included in section 1535.5, subdivision (m) as one of the "sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure . . . ." (*Scoma*, at p. 335; § 1538.5, subd. (m).) And *Scoma* specifically dealt with the interplay between section 995 and section 1538.5, reciting: "Section 1538.5 of the Penal Code, which deals in general with motions to suppress as evidence property obtained in violation of the Fourth Amendment, provides in subdivision (n) that 'Nothing in this section shall be construed as altering . . . (v) the procedure and law relating to a motion made pursuant to Section 995 or the procedures which may be initiated after the granting or denial of such a motion.' *It therefore appears that section 995 remains a proper remedy when the evidence alleged to have been obtained through illegal means is the only substantial evidence supporting the commitment.*" (*Scoma*, at p. 335, fn. 2, italics added.)

Moreover, *Scoma* was decided in 1969. The United States Supreme Court decided *Gerstein* (and our Supreme Court extended it in *Walters*) *six years* later. Before *Gerstein* and *Walters*, in-custody misdemeanor defendants were not even entitled to "a judicial determination of probable cause." *Scoma*, therefore, was decided before the common law underpinnings of section 991, and did not and could not have accounted for extension of its holding to in-custody misdemeanor defendants.

One faulty premise underlying all of Barajas's arguments here is that there can be some mechanical application of the exclusionary rule. Barajas refers to *evidence* as "facially unlawful" and "unconstitutional." The evidence is just evidence. The *source* of the evidence is significant. And even if the trial

15

court determines that the evidence was obtained in violation of the Fourth Amendment, the exclusionary rule *may or may not* apply. The decision to suppress evidence "involves a balancing of the need to deter police conduct" resulting in illegal detention with the state's legitimate law enforcement interests. (*People v. Rodriguez* (2006) 143 Cal.App.4th 1137, 1142-1143; *People v. Boyer* (2006) 38 Cal.4th 412, 448.) Beyond that balancing, there are exceptions to the exclusionary rule. For example, "evidence obtained from a search may be suppressed only if it can be said that the police knew or should have known that the search was unconstitutional." (*People v. Hamilton* (2002) 102 Cal.App.4th 1311, 1315 [articulating the good faith exception to the exclusionary rule].) The Legislature has determined as a policy matter via section 1538.5 that this analysis is to be done after a noticed motion and a hearing with live testimony. Barajas gives us no reason to second guess that determination.

### 5. Impossibility

As we have noted, section 991 and section 995 are not identical. "In determining the existence of probable cause [under section 991], the magistrate shall consider any warrant of arrest with supporting affidavits, and the sworn complaint together with any documents or reports incorporated by reference thereto, which, if based on information and belief, state the basis for such information, or any other documents of similar reliability. [¶] . . . If, after examining these documents, the court determines that there exists probable cause to believe that the defendant has committed the offense charged in the complaint, it shall set the matter for trial." (§ 991, subds. (c) & (d).) Section 995 contains no such limitation on the type of evidence the trial court can

consider when making a probable cause determination in a felony case.

Section 991 allows the trial court, on a showing of good cause, to continue the probable cause hearing for up to three court days. (§ 991, subd. (b).) Theoretically, then, prosecutors could (as they did here) obtain up to three additional court days to marshal further documentary evidence to oppose a defendant's motion under section 991 to exclude evidence based on the exclusionary rule. In *Johnson*, however, the Supreme Court held that it was "clear that the suppression hearings provided for in section 1538.5 were intended, and have been understood, to involve the [live] testimony of investigating officers and other pertinent witnesses whose credibility is to be determined by the magistrate judge presiding at the hearing." (*Johnson*, *supra*, 38 Cal.4th at p. 720; see § 1538.5, subd. (c).) Section 991's evidentiary constraints are wholly inconsistent with the Legislature's requirement that suppression hearings be based on live testimony.

There is also the matter of section 1538.5's notice requirement. In *People v. Ciraco* (1986) 181 Cal.App.3d 1142, the court held that a defendant could make an oral motion under section 1538.5 at a preliminary hearing with no notice. (*Ciraco*, at p. 1145.) In *Cox v. Superior Court* (1993) 19 Cal.App.4th 1046, the court extended *Ciraco* to strike down local rules "impos[ing] a noticed motion procedure on suppression motions made during preliminary hearings." (*Cox*, at p. 1051.)

The Legislature responded in 1997 by adding subdivisions (f)(2) and (f)(3)—creating a noticed motion procedure for suppression motions made at preliminary hearings—to section 1538.5. (*People v. Britton* (2001) 91 Cal.App.4th 1112, 1116; 1997

17

Cal. Legis. Serv. ch. 279 (Sen. Bill No. 123).) The "comprehensive plan, prescribing a single method of raising" the exclusionary rule that the Legislature has created (*Johnson, supra,* 38 Cal.4th at p. 727) has left no means to challenge evidence obtained unlawfully absent a noticed motion. This procedure provides a mechanism, at least in part, for the prosecutor to have present all necessary evidence and witnesses required for an adequate determination of the question.[7]

_____

[7] The trial court found good cause to continue the section 991 hearing for three court days "to give [the prosecutor] an opportunity to either contact, call this officer, get a supplemental report e-mailed to [the prosecutor] or something to show that there was probable cause for the detention." The People provided the trial court with a supplemental affidavit from Officer Honrath, as well as a transcript of the audio recording of the officer's body camera. One of the factors significant to the trial court was that "in this case we have a transcript as to the conversation, and we also have that this is the lapel, just push and then start recording on it, and the officer states in the supplemental [affidavit], 'the first few seconds of my conversation were not captured on the recording.' " "To me," the trial court continued, "that's critical because it's the first contact of what was said. We do not have it."

The trial court necessarily (by operation of section 991) had access to only documents. The record illustrates, however, why the trial court would have benefitted from the live testimony section 1538.5 requires; the trial court was not able to ascertain the nature of the initial contact between Officer Honrath and Barajas, to observe Officer Honrath's demeanor, or to make a credibility determination. A "motion to suppress evidence on the ground a search was unconstitutional presents issues as to which the credibility of witnesses often is of critical significance." (*Johnson, supra,* 38 Cal.4th at p. 731.) "[A]llowing a prosecutor to oppose a suppression motion with written affidavits in lieu of

18

### 6. *Ward* and the Trial Courts

We do not necessarily agree with the Appellate Division's conclusion that *Ward* was incorrect when it was decided. Amendments to section 1538.5 have changed *Ward's* premises. Section 1538.5 now requires five days' written notice even to bring a suppression motion at a preliminary hearing. The Supreme Court has read section 1538.5 to require live testimony to decide a suppression hearing. And the United States Supreme Court decided in *County of Riverside v. McLaughlin* (1991) 500 U.S. 44, 57 that in jurisdictions (like California) where pretrial proceedings like arraignments and probable cause determinations are combined, those proceedings must happen within 48 hours after arrest. While a determination of the issues encompassed by section 1538.5 (and a motion to dismiss) may follow soon thereafter, suppression must be decided on the notice section 1538.5 requires.

*Ward* forged a reasonable procedure for its time. That procedure is no longer attainable, and *Ward* is no longer good law. We are nevertheless sympathetic to Barajas's argument that, as a practical matter, motion practice under section 1538.5 leaves misdemeanor defendants whose cases may ultimately be dismissed after a section 1538.5 hearing in custody longer than they would be if the charged offense was a felony. That distinction, however, is a matter of trial court calendar management, and further highlights the differences between sections 991 and 995 as they relate to section 1538.5. In-custody misdemeanor defendants may ask for hearings under section

---

live testimony would be inconsistent with the trial court's vital function of assessing the credibility of witnesses." (*Id.* at p. 729, fn. 8.)

1538.5 on shortened notice, and trial courts remain free to manage their calendars to accommodate misdemeanor defendants whose cases may ultimately be dismissed because of the exclusionary rule.

Under section 991, the magistrate is only required to determine whether the elements of an offense (here, possession of the offending item) are present on "any warrant of arrest with supporting affidavits, and the sworn complaint together with any documents or reports incorporated by reference thereto . . . ." (§ 991, subd. (c).) The magistrate may not, by the terms of section 991, delve into issues relating to the legality or origin of evidence.

## CONCLUSION

Barajas has framed the question here as one of constitutional import. It is not. There is a Fourth Amendment right to be free of unreasonable search and seizure. There is no corresponding *constitutional* entitlement to the exclusion of evidence. The exclusionary rule was created judicially at the federal level and later codified in California. And while it is obviously necessary that a defendant be able to litigate suppression of evidence obtained in violation of the Fourth Amendment, it is not constitutionally or otherwise required (or even possible) for that to be done at a section 991 hearing. That the timing and notice requirements of section 1538.5 may be inconvenient for in-custody misdemeanor defendants does not deprive those defendants of the benefit of the exclusionary rule, the purpose of which, incidentally, is not to benefit defendants at all, but rather to deter law enforcement from Fourth Amendment violations in the first instance. That purpose and the

achievement of that end is in no way related or subject to the timing of a section 991 hearing.

Section 991 is indisputably analogous to section 995 in many respects.  One respect in which it is *not*, however, is that section 1538.5—the California codification of the exclusionary rule—names section 995 and invests the same exclusionary power in a section 995 motion that it does in a section 1538.5 motion.

Section 991 defines the People's burden on a misdemeanor probable cause determination as establishing "probable cause to believe that a public offense has been committed and that the defendant is guilty thereof."  (§ 991, subd. (a).)  *Gerstein* and *Walters* said that language means that the "People need only establish a prima facie case of probable cause to detain on sworn statements or testimony ' "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." ' "  (*Walters*, *supra*, 15 Cal.3d at p. 753, quoting *Gerstein*, *supra*, 420 U.S. at p. 111.)

The probable cause determination contemplated by section 991 does not include a determination that evidence was unlawfully obtained; the sole and exclusive means for a misdemeanor defendant to secure that determination is a noticed motion under section 1538.5.  The only question for a trial court to answer on a defendant's section 991 motion is whether facts that have not yet been excluded by operation of a noticed motion under section 1538.5 exist "sufficient to warrant a prudent man in believing" that "a public offense has been committed and that the defendant is guilty thereof."  (*Gerstein*, *supra*, 420 U.S. at p. 111; § 991, subd. (a).)

21

## DISPOSITION

The petition is denied.

CERTIFIED FOR PUBLICATION

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.